In the Matter of the PORT OF NEW YORK AUTHORITY, Respondent, Relative to Acquiring Title to Real Property in the Borough of Manhattan, City, County and State of New York, for Approaches, Additions and Improvements to the George Washington Bridge. ADSAN REALTY CORP., Appellant; HOWARD A. NEWMAN et al., Respondents.

First Department, December 6, 1960.

*George Bergen* of counsel (*Morris Eder* and *Harold L. Leddy* with him on the brief; *Skinner & Bermant, Leddy & Raber*, attorneys), for appellant.

*Samuel R. Schneider* for Howard A. Newman, respondent.

*Morris A. Sidikman* for Mutual Holding Corp., respondent.

*Alexander Jacobson* for Montgomery Coal & Coke Co., Inc., and another, respondents.

*Kessler & Kessler* for Muriel S. Kessler, respondent.

*Sidney Goldstein* for Port of New York Authority, respondent.

*Per Curiam.* In this condemnation proceeding, Adsan Realty Corp., as fee owner, seeks payment to it of an award made for Damage Parcel No. 13. The Mutual Holding Corp. (along with creditors of Mutual claiming derivatively through it) opposed such payment claiming an interest in the award by virtue of an agreement made with Adsan. This agreement provided for the conveyance of the property from Mutual to Adsan with an option to repurchase within a given time. The option was not exercised. Failing the exercise of the option, the agreement provided that in the event of a sale or condemnation Mutual was

to receive one half of " [t]he net profit remaining after reimbursement [to Adsan] * * * of all advances made by it ". The court denied Adsan's application for payment and directed that the balance of the award, after certain payments for taxes, etc., and the satisfaction of the first, second and third mortgages, be deposited with the City Treasurer pending an adjudication of the respective rights of Mutual and Adsan as to each other. We believe the order should be modified.

In order to have any standing in a condemnation proceeding one must show an ownership interest in the property (*Matter of City of N. Y.* [*Jefferson Houses-Lombardi*], 306 N. Y. 278). Although Mutual is entitled by agreement to share in the net proceeds of the condemnation award to Adsan, the fee owner, it has not the requisite ownership interest in the real property as to warrant the disposition of its claim in the condemnation proceeding. Any ownership interest which Mutual had in the realty was disposed of under the agreement upon its failure to exercise the option to repurchase.

Nor may Adsan's award be held as security upon the authority of *Matter of City of N. Y.* [*Triborough Bridge*] (257 App. Div. 267). In that case, while it was held that the tenant had no right to obtain relief in condemnation, a stay of the payment of the award was granted because of the express agreement between the landlord and the tenant to the effect that the condemnation award was not to belong to the former until the latter had been reimbursed for a portion of the improvements it had made. Relying upon such agreement, the court directed that the award be held as security for the payment of the tenant's share until such time as the amount of such share had been determined. There is nothing in the language of the instant agreement which would justify granting a similar stay of the payment of the award to the owner. To the contrary, a reasonable interpretation of this agreement is that Mutual was to receive its percentage of the net profits from Adsan after the receipt of the award by Adsan and after certain reimbursement payments had been made.

On the other hand, the court properly withheld payment from the owner of such sum as may be necessary to satisfy the fourth mortgage because the validity of that mortgage was in question and not determined. The interest of a mortgagee is clearly one affecting title and ownership, and a court in condemnation may properly withhold an amount sufficient to satisfy such interest until it is determined whether the mortgage is a lien on the property.

Accordingly, the order should be modified on the law and the facts, without costs, to the extent of deleting therefrom subdivision (d) of the first decretal paragraph and adding the following:

" (d) To deposit with the Treasurer of the City of New York from the balance a sum sufficient to satisfy the fourth mortgage held by Martin Platt and Martin W. Wagner pending the adjudication of the validity of such mortgage.

" (e) To pay the balance remaining to the claimant Adsan Realty Corp."

Settle order.

BOTEIN, P. J., BREITEL, RABIN, McNALLY and EAGER, JJ., concur.

Order, entered on April 19, 1960, denying petitioner-appellant's application for the payment of the award made for Damage Parcel No. 13, unanimously modified, on the law and on the facts, without costs, to the extent of deleting therefrom subdivision (d) of the first decretal paragraph and adding the following: " (d) To deposit with the Treasurer of the City of New York from the balance a sum sufficient to satisfy the fourth mortgage held by Martin Platt and Martin W. Wagner pending the adjudication of the validity of such mortgage." " (e) To pay the balance remaining to the claimant Adsan Realty Corp." Settle order on notice.