■ 430 W. 23RD STREET TENANTS CORPORATION et al., Respondents-Appellants, v 23RD ASSOCIATES et al., Appellants-Respondents, et al., Defendants, et al., Third-Party Plaintiff, et al., Third-Party Defendants.—Order of the Supreme Court, New York County (Eugene Nardelli, J.), entered April 25, 1988, which, *inter alia,* sustained the sixth cause of action and excused plaintiffs from answering certain interrogatories, unanimously modified, on the law, the facts and in the exercise of discretion, to dismiss the sixth cause of action and to direct plaintiffs to answer interrogatories 4, 9 (C) and 9 (E), and is otherwise affirmed, without costs.

The action was brought by a group of tenant-shareholders in a residential cooperative corporation (the purchasers)

against the sponsor of the conversion, and seeks, *inter alia,* damages for defective heating, air-conditioning, and ventilating systems, windows, woodburning stoves, and balconies. Insofar as the action relates to these alleged defects, the purchasers urged various theories of relief in separately stated causes of action, but only that styled as being for breach of express and implied warranties survived a motion to dismiss by the sponsor. We agree with IAS that this cause of action should not be dismissed, and point out that there is nothing "implied" about the sponsor's promise, set forth in paragraph 16 of the contract it entered into with each of the purchasers, to "correct any defects in the rehabilitation of the Property, or the installation or operation of any of the new mechanical equipment installed, due to substandard workmanship or material provided", with certain exceptions not here pertinent. This obligation to "correct any defects" is broad, encompassing building services and equipment that either do not work at all, do not work as well as the sponsor expressly said they would, do not work as well as one would ordinarily expect they should, or are not up to the specifications warranted in the offering statement.

While the sponsor's obligation to correct any defects is broad, the parties agreed that it was not to be "construed to render the Sponsor liable for consequential damages (whether based on negligence, or breach of contract, warranty or otherwise), it being intended that the Sponsor's sole obligations in this respect, shall be to repair or replace, at its option, any defective items of construction". The purchasers argue that this limited remedy of repair or replacement has failed of its purpose given numerous unsuccessful attempts by the sponsor to make repairs, and that as a result the exclusion of "consequential damages" should no longer be deemed in effect. Exactly what the purchasers mean by consequential damages they do not say, but, whatever is meant, we think a failure by the sponsor to effect repairs, after having a reasonable opportunity to do so, should entitle the purchasers to compensation for the reasonable cost of making the repairs or replacements themselves, and nothing more. Such compensation would give the purchasers more than a "fair quantum of remedy", and likely accords with what the parties intended in the event of a failure by the sponsor to perform *(see, Cayuga Harvester v Allis-Chalmers Corp.,* 95 AD2d 5; *Burnell v Morning Star Homes,* 114 AD2d 657). We note that no claim is made by the purchasers that the sponsor's efforts to effect repairs were made in bad faith.

Under the seventh cause of action, the purchasers claim that the sponsor's failure to disclose the partial denial of its application for J-51 tax benefits was a fraudulent concealment of a material fact that induced each of them to enter into a transaction that he otherwise would not have entered into. We affirm the dismissal of this cause of action since the purchasers' notice of cross appeal states that the cross appeal is taken from the dismissal of only the first, third, fourth and fifth causes of action. An appeal from only part of an order or judgment is a waiver of the right to appeal from the other parts and limits the scope of review (7 Weinstein-Korn-Miller, NY Civ Prac ¶ 5515.04). In any event, the monetary impact of this partial denial of tax benefits on the individual purchasers appears so minimal as to render implausible their allegation that each of them would not have purchased his apartment had the results of the J-51 application been known.

Under the sixth cause of action, the purchasers claim that the sponsor's failure to disclose the partial denial of its J-51 application constitutes negligence. The sponsor argues that it was error for IAS to sustain this cause of action because, among other reasons, it owed no duty to prospective purchasers to disclose the results of the J-51 application. We think this argument is not without merit, note the absence of any argument in the purchasers' brief responding to those made in the sponsor's brief concerning this cause of action, and dismiss it as abandoned.

Finally, we direct the purchasers to furnish further answers to interrogatories 4, 9 (C) and 9 (E), again noting the absence of any argument in their brief responding to those made in the sponsor's brief concerning these interrogatories. Concur— Carro, J. P., Milonas, Rosenberger and Wallach, JJ.