■ JOHN J. CIOFFI, Appellant, v TED S. FISHMAN et al., Respondents. [632 NYS2d 479] —In an action, *inter alia,* for an accounting, the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Newmark, J.), dated December 9, 1993, as denied as academic his cross motion for leave to amend the summons and complaint.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

Because the plaintiff's notice of appeal is limited to the denial of his cross motion for leave to amend the summons and complaint, the provision of the Supreme Court's order that granted the defendants' respective motions to dismiss the complaint is beyond our review *(see,* CPLR 5515 [1]; *Royal v Brooklyn Union Gas Co.,* 122 AD2d 132; *Vias v Rohan,* 119 AD2d 672). In light of the dismissal of the complaint against all of the defendants, the Supreme Court properly denied as academic the plaintiff's cross motion for leave to amend the summons and complaint to add additional defendants. Thompson, J. P., Copertino, Santucci and Goldstein, JJ., concur.

■ CLAYTON FUNDING CORP., Respondent, v STATE BANK OF LONG ISLAND, Appellant. [632 NYS2d 29] —In an action, *inter alia,* to recover damages for breach of warranty, the defendant appeals from so much of an order of the Supreme Court, Nassau County (Winick, J.), dated April 13, 1994, as granted the plaintiff's motion pursuant to CPLR 3124 to compel the defendant to respond to interrogatories 6 through 17 of the plaintiff's first set of interrogatories.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly directed the defendant to respond to interrogatories 6 through 17. CPLR 3101 (a) provides that there shall be full disclosure of all matter "material and necessary" in the prosecution or defense of an action. The disclosure provisions of the CPLR are to be liberally construed with the test being one of usefulness and reason *(see, Cynthia B. v New Rochelle Hosp. Med. Ctr.,* 60 NY2d 452, 461; *Allen v Crowell-Collier Publ. Co.,* 21 NY2d 403). The interrogatories at issue are relevant insofar as they inquire into the procedures the defendant follows in the crediting and non-crediting of a check to a commercial account. Balletta, J. P., Rosenblatt, Pizzuto, Joy and Altman, JJ., concur.