■ DENNIS JOSLIN, Respondent-Appellant, v SUSAN LOPEZ, Appellant-Respondent, and FRANK LOPEZ, Appellant. [765 NYS2d 895] —In an action, inter alia, pursuant to Debtor and Creditor Law article 10 to set aside a transfer of real property as fraudulent, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County (Cozzens, J.), entered July 5, 2002, as, after a nonjury trial, set aside the transfer, and the plaintiff cross-appeals from so much of the same judgment as failed to award him a money judgment against the defendant Susan Lopez.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

Debtor and Creditor Law § 273 provides that "[e]very conveyance made and every obligation incurred by a person who is or

will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration." Thus, both insolvency and lack of fair consideration are prerequisites to a finding of constructive fraud under section 273, and the burden of proving these elements is upon the party challenging the conveyance (*see Matter of American Inv. Bank v Marine Midland Bank,* 191 AD2d 690 [1993]; *Marine Midland Bank v Murkoff,* 120 AD2d 122 [1986]; *Commercial Trading Co. v Potter Secs. Corp.,* 26 AD2d 761 [1966]). Whether the subject conveyance has rendered the debtor insolvent, and whether fair consideration was paid, are generally questions of fact which must be determined under the circumstances of the particular case (*see Matter of American Inv. Bank v Marine Midland Bank, supra; Wagman v Lagno,* 141 AD2d 720 [1988]).

Here, the evidence presented at trial reveals that the defendant Frank Lopez and his wife, the defendant Susan Lopez, purchased a residence in Westbury, which they owned as tenants by the entirety for over 20 years. On May 17, 1993, Frank Lopez transferred his interest in the premises to his wife. At the time of the transfer, Frank Lopez was a defendant in an action brought by a creditor to recover the outstanding balance due under two promissory notes and the indebtedness under a letter of credit agreement that he had guaranteed, and three other notes which he had guaranteed were also in default. Frank Lopez claimed that he conveyed his interest in the Westbury residence to his wife to in exchange for her promise not to divorce him, however, the Supreme Court properly determined that this does not constitute "fair consideration" as defined by Debtor and Creditor Law § 272 (*see Rampello v Cioffi,* 282 AD2d 442 [2001]; *St. Teresa's Nursing Home v Vuksanovich,* 268 AD2d 421 [2000]; *Apple Bank for Sav. v Contaratos,* 204 AD2d 375 [1994]; *Kleinfeld v Pedersen,* 116 AD2d 970 [1986]). Frank Lopez also claimed that he also made the conveyance to satisfy a loan to his mother-in-law. However, while an antecedent debt may provide fair consideration for a conveyance of property (*see* Debtor and Creditor Law § 272), the evidence presented was insufficient to establish the existence of an antecedent debt (*see Prudential Farms of Nassau County v Morris,* 286 AD2d 323 [2001]). Moreover, even if the existence of the debt had been substantiated, it would not have constituted fair consideration because the amount of the debt was disproportionately small as compared with the value of the property interest conveyed (*see* Debtor and Creditor Law § 272 [b]; *Polkowski v Mela,* 143 AD2d 260 [1988]). In summary the record supports the Supreme Court's determination that the

conveyance left Frank Lopez insolvent within the meaning of Debtor and Creditor Law § 273. Accordingly, the Supreme Court properly set aside the 1993 transfer of Frank Lopez's interest in the Westbury residence as a fraudulent conveyance.

However, we reject the plaintiff's contention that the Supreme Court erred in failing to award him additional relief in the form of a money judgment against Susan Lopez. As a general rule, the relief to which a defrauded creditor is entitled in an action to set aside a fraudulent conveyance is limited to setting aside the conveyance of the property which would have been available to satisfy the judgment had there been no conveyance (*see Manufacturers & Traders Trust Co. v Lauer's Furniture Acquisition,* 226 AD2d 1056 [1996]; *Marine Midland Bank v Murkoff, supra; see also Hamilton Natl. Bank v Halsted,* 134 NY 520 [1892]). A money judgment against the transferee may also be an available form of substitute relief where the transferee has disposed of the wrongfully conveyed property in some manner which makes it impossible to return (*see Marine Midland Bank v Murkoff, supra; see also Wasey v Holbrook,* 141 App Div 336 [1910], *affd* 206 NY 708 [1912]). Here, although Susan Lopez sold the Westbury residence to third parties, the record establishes that the sale took place after the plaintiff had filed a notice of pendency against the property. Accordingly, the third-party purchasers are bound by the judgment in this action which voids Frank Lopez' transfer of his interest in the property to his wife (*see* CPLR 6501), and the sale does not cut off the plaintiff's lien against Frank Lopez' interest in the property (*see Roth v Porush,* 281 AD2d 612 [2001]). Under these circumstances, the plaintiff is not entitled to a substitute remedy.

Since the plaintiff cross-appealed only from that portion of the judgment which denied his request for a money judgment against the defendant Susan Lopez, his remaining contention is beyond the scope of our review (*see* CPLR 5515 [1]; *Cardinal Holdings v Chandre Corp.,* 302 AD2d 550 [2003]; *Cioffi v Fishman,* 220 AD2d 479 [1995]; *Vias v Rohan,* 119 AD2d 672 [1986]). Altman, J.P., Krausman, Goldstein and Luciano, JJ., concur.