Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered May 17, 2012, which, to the extent appealed from as limited by the briefs, denied the respective motions and cross motions of defendants L.A. Wenger Contracting Inc./Matrix *451 Construction Corp. (Wenger), Steers Construction Corp. (Steers), and Metropolitan Transportation Authority and New York City Transit Authority (collectively NYCTA) for summary judgment dismissing the complaint and cross claims as against them, granted the motion of defendant City of New York for summary judgment dismissing the complaint as against it, and granted the motion of third-party defendant Seaboard Surety Company (Seaboard) for summary judgment dismissing the third-party complaint, unanimously modified, on the law, to the extent of dismissing all contractual claims of NYCTA as against Steers, and otherwise affirmed, without costs.
There is an issue of fact as to whether the infant plaintiffs failure to observe the vehicle that struck her was a foreseeable consequence of a construction enclosure arguably blocking her view at the subject intersection.
The record also presents triable issues as to whether Wenger, responsible for designing and creating the construction enclosure, unleashed a force of harm, such that it was not entitled to rely upon municipally approved plans (see Davies v Ferentini, 79 AD3d 528, 529-530 [1st Dept 2010]), or its status as an independent contractor (see Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]). Steers’s argument that, although it took over for Wenger as general contractor, it had no duty or authority with respect to the enclosure, is contradicted by the record, since Steers’s principal testified that his company moved the enclosure after the accident. Questions of fact also exist as to whether the enclosure followed the approved plans, and whether it should have been recognized it as unsafe.
Dismissal of the complaint as against the City was proper. There is no evidence that the City owed a special duty to plaintiff (see McLean v City of New York, 12 NY3d 194, 201-204 [2009]), and its nondelegable duty as owner was not triggered since the defect was in the construction structure, not the roadway or sidewalk (compare Blake v City of Albany, 48 NY2d 875 [1979]).
Seaboard was properly granted summary judgment since it had no control over the construction site and did not contract to assume Wenger’s duties under its contract with NYCTA until after the accident.
However, all contractual claims interposed against Steers should have been dismissed. The record is devoid of any contract wherein Steers agreed to indemnify NYCTA.
Concur — Saxe, J.E, Moskowitz, DeGrasse and Clark, JJ.