■ LOREN RIDINGER, Appellant, v WEST CHELSEA DEVELOPMENT PARTNERS LLC et al., Respondents. [56 NYS3d 48]—

Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered March 21, 2016, which granted defendants' motion to dismiss the complaint and denied plaintiff's cross motion for leave to amend the complaint to add additional plaintiffs, unanimously modified, on the law, to reinstate the derivative claims, except the derivative breach of contract claims against all defendants other than West Chelsea Development Partners, LLC, and to grant leave to amend the complaint, and otherwise affirmed, without costs.

Plaintiff's individual claims were barred by a prior release. However, plaintiff could not and did not release the derivative claims on behalf of the unit owners (*see Caprer v Nussbaum*, 36 AD3d 176 [2d Dept 2006]). Plaintiff was nevertheless bound by a covenant not to sue, in which she promised not to bring any claim regarding the unit, the building or the condominium, including in a derivative capacity. This did not bar the instant suit on derivative claims, but it does expose plaintiff to a possible claim for damages for breach of the covenant (*see Colton v New York Hosp.*, 53 AD2d 588, 589 [1st Dept 1976]).

Defendants' other arguments as to the complaint are largely unavailing. The demand on the board was excused, where the majority of board members are not simply appointees of the sponsor, but principals of the sponsor and the corporate defendants (*see Bansbach v Zinn*, 1 NY3d 1, 11 [2003]). The breach of contract action should be limited to just the contracting parties, which means it should be dismissed as to all defendants except the sponsor. However, the contractual limitation on damages cannot be said to apply as a matter of law,

where, as here, the allegation is that there were unreasonable delays in making repairs (*see 430 W. 23rd St. Tenants Corp. v 23rd Assoc.*, 155 AD2d 237, 238 [1st Dept 1989]). Plaintiff's claims for fraud and breach of fiduciary duty plead various misstatements, but fail to attribute them with particularity; therefore leave to replead those claims should be given (*see* CPLR 3016). Plaintiff's claims for fraudulent conveyance under Debtor and Creditor Law §§ 273 and 274 are not subject to the particularity requirement of CPLR 3016, because they are based on constructive fraud (*see Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d 141, 149-150 [2d Dept 2009]). Whether any defendant can rely on the contractual limitations period is a question of fact, given that some are not signatories to it, and given the alleged disloyalty of the board members who were the parties required to give notice to the sponsor of defects (*see A.H.A. Gen. Constr. v New York City Hous. Auth.*, 92 NY2d 20, 31 [1998]).

Because the derivative claims were not barred by a release, but were merely brought in breach of a covenant not to sue, plaintiff did not lack standing at the time of the original action and thus an amendment would relate back (*cf. Nomura Asset Acceptance Corp. Alternative Loan Trust v Nomura Credit & Capital, Inc.*, 139 AD3d 519, 520 [1st Dept 2016]). Concur—Acosta, P.J., Renwick, Mazzarelli, Andrias and Manzanet-Daniels, JJ.