■ In the Matter of CITY OF SYRACUSE INDUSTRIAL DEVELOP-MENT AGENCY, Respondent, Pursuant to Article 4 of the Eminent Domain Procedure Law, to Acquire Title to Certain Real Property Generally Identified as 100-08 Onondaga Street East & Warren Street in the City of Syracuse, New York and More Particularly Identified as SBL NO. 101.-09-01.0. AMADEUS DEVELOPMENT, INC., Claimant-Respondent; FINANCITECH, LTD., Claimant-Appellant. [68 NYS3d 596]—

Appeal from an order of the Supreme Court, Onondaga County (Donald A. Greenwood, J.), entered July 25, 2016. The order granted the motions of claimant Amadeus Development, Inc. and petitioner for summary judgment, deemed null and void mortgages from GML Syracuse, LLC, to claimant Financitech, Ltd., and dismissed the claim of Financitech, Ltd. for just compensation.

It is hereby ordered that the order so appealed from is unanimously modified on the law by vacating from the first and second ordering paragraphs the language "null and void and extinguished of record" and substituting therefor the language "subordinate to the judgment lien of claimant Amadeus Development, Inc. against GML Syracuse, LLC," and denying the motion of petitioner and reinstating the claim of claimant Financitech, Ltd., and as modified the order is affirmed without costs.

Memorandum: This case arises out of the redevelopment of the historic Hotel Syracuse in downtown Syracuse, New York. In August 2008, claimant Financitech, Ltd. (Financitech) obtained two mortgages on the hotel property from the property's then owner, GML Syracuse, LLC (GML Syracuse), in the amount of $5,000,000 and $165,000. GML Syracuse conveyed the mortgages to Financitech and an affiliated company, FNCTC Schiel, LLC (FNCTC), as security for a guaranty, also made by GML Syracuse, on certain financial obligations incurred by GML Syracuse's affiliate, Ameris Holdings, Ltd. (Ameris). Soon thereafter, Ameris defaulted on its financial obligations, and GML Syracuse failed to tender payment due as required by the guaranty.

In January 2013, Financitech commenced an action to foreclose the two subject mortgages. In that action, both GML Syr-

acuse and claimant Amadeus Development, Inc. (Amadeus), a judgment creditor of GML Syracuse, were named as defendants. Financitech moved for summary judgment seeking, inter alia, foreclosure of the mortgages. As pertinent here, Amadeus opposed Financitech's motion on the ground that the mortgages constituted fraudulent conveyances pursuant to the Debtor and Creditor Law and thus should be considered null and void. Supreme Court denied Financitech's motion, determining, inter alia, that there were material issues of fact whether the mortgages were fraudulent conveyances.

While Financitech's appeal in the foreclosure action was pending, petitioner, City of Syracuse Industrial Development Agency (SIDA), commenced the instant proceeding to acquire the hotel property through the exercise of eminent domain. Because SIDA had acquired the hotel property, we dismissed Financitech's appeal in the foreclosure action as moot (*Financitech, Ltd. v GML Syracuse LLC*, 129 AD3d 1552 [4th Dept 2015]).

Based upon their respective interests in the mortgages and a judgment lien on the hotel property, Financitech and Amadeus were named as condemnees in this EDPL proceeding (*see* EDPL 103 [C]), and they filed claims for just compensation pursuant to EDPL 503 (B). Amadeus thereafter moved for summary judgment voiding Financitech's mortgages as fraudulent conveyances pursuant to the Debtor and Creditor Law or, alternatively, subordinating the mortgages to Amadeus's judgment lien against GML Syracuse, which was recorded after the subject mortgages. SIDA moved for summary judgment dismissing Financitech's claim for just compensation inasmuch as Financitech lacked standing in the EDPL proceeding because its mortgage interests were null and void. Financitech now appeals from an order that granted the motions, deemed Financitech's mortgages null and void, and dismissed Financitech's claim for just compensation.

At the outset, we reject Financitech's contention that Amadeus's motion for summary judgment is barred by the doctrine of res judicata. Although Amadeus raised the issue whether the mortgages constituted fraudulent conveyances pursuant to Debtor and Creditor Law §§ 273, 274, and 275 when it opposed Financitech's motion for summary judgment in the foreclosure action, there was not a final determination on the merits with respect to that issue (*see Landau, P.C. v LaRossa, Mitchell & Ross*, 11 NY3d 8, 13 [2008]; *Matter of Hunter*, 4 NY3d 260, 269 [2005]). The doctrine of res judicata is therefore inapplicable.

Contrary to Financitech's further contention, claims for fraudulent conveyances under Debtor and Creditor Law §§ 273, 274, and 275 "are not subject to the particularity requirement of CPLR 3016, because they are based on constructive fraud" (*Ridinger v West Chelsea Dev. Partners LLC*, 150 AD3d 559, 560 [1st Dept 2017]; *see Gateway I Group, Inc. v Park Ave. Physicians, P.C.*, 62 AD3d 141, 149-150 [2d Dept 2009]). Also contrary to Financitech's contention, Amadeus's notice of appearance and demand for just compensation is sufficient inasmuch as it complies with EDPL 504 (*see Matter of Village of Haverstraw v Ray Riv. Co., Inc.*, 137 AD3d 800, 801 [2d Dept 2016]).

We agree with Financitech that Supreme Court erred in determining that the mortgages constituted fraudulent conveyances pursuant to Debtor and Creditor Law § 275. We conclude that there are material issues of fact whether GML Syracuse "intended or believed that [it] would incur debts beyond [its] ability to pay" as the debts mature, which is a necessary element of a fraudulent conveyance under section 275 (*Taylor-Outten v Taylor*, 248 AD2d 934, 935 [4th Dept 1998]).

We further conclude, however, that the court properly determined that the mortgages constituted fraudulent conveyances pursuant to Debtor and Creditor Law §§ 273 and 274. As required by each of those sections, Amadeus established as a matter of law that the mortgages were given without fair consideration (*see* §§ 273, 274; *Board of Mgrs. of Loft Space Condominium v SDS Leonard, LLC*, 142 AD3d 881, 883 [1st Dept 2016]; *Joslin v Lopez*, 309 AD2d 837, 838-839 [2d Dept 2003]). "Fair consideration is given for property, or obligation, a. [w]hen in exchange for such property or obligation, as a fair equivalent therefor, and in good faith, property is conveyed or an antecedent debt is satisfied, or b. [w]hen such property, or obligation is received in good faith to secure a present advance or antecedent debt in amount not disproportionately small as compared with the value of the property, or obligation obtained" (§ 272). The underlying purpose of New York's fraudulent conveyance statutes "is to enable a creditor to obtain his [or her] due despite efforts on the part of a debtor to elude payment" (*Hearn 45 St. Corp. v Jano*, 283 NY 139, 142 [1940]). Thus, when determining whether consideration given by a debtor to a third party or affiliate constitutes fair consideration, courts look to whether "the debtor's net worth has been preserved" (*Rubin v Manufacturers Hanover Trust Co.*, 661 F2d 979, 991 [2d Cir 1981]). Here, in exchange for the mortgages conveyed by GML Syracuse in the combined amount of $5.165

million, Financitech loaned GML Syracuse's affiliate, Ameris, $165,000, and FNCTC extended the maturity date of a $1.5 million loan to Ameris from August 28, 2008 to October 31, 2008. Although GML Syracuse may have received some indirect benefit as a result of the consideration received by Ameris inasmuch as Ameris held a 95% interest in GML Syracuse and was GML Syracuse's sole source of capital, we nevertheless conclude that the consideration received does not constitute fair consideration within the meaning of section 272. Nothing in this transaction had the effect of "conserving [GML Syracuse's] estate for the benefit of creditors" (*Rubin*, 661 F2d at 992).

Amadeus also established as a matter of law that GML Syracuse was insolvent within the meaning of Debtor and Creditor Law § 271, which is a "prerequisite[ ] to a finding of constructive fraud under section 273" (*Joslin*, 309 AD2d at 838). Amadeus submitted financial records of GML Syracuse from the third quarter of 2008 and expert testimony that established that, at the time of the transaction, the "fair salable value of [GML Syracuse's] assets [was] less than the amount that [would] be required to pay [its] probable liability on [its] existing debts as they bec[a]me absolute and matured" (§ 271 [1]). Similarly, Amadeus established through its submissions that the mortgages constituted fraudulent conveyances pursuant to section 274, which provides that "[e]very conveyance made without fair consideration when the person making it is engaged or is about to engage in a business or transaction for which the property remaining in his hands after the conveyance is an unreasonably small capital, is fraudulent as to creditors . . . without regard to his actual intent" (§ 274; *see In re Chin*, 492 BR 117, 129 [Bankr ED NY 2013]). In opposition to Amadeus's motion, Financitech failed to raise a triable issue of fact (*see Cadle Co. v Organes Enters., Inc.*, 29 AD3d 927, 928-929 [2d Dept 2006]).

Although the court properly determined that the mortgages constituted fraudulent conveyances, we conclude that the remedies granted by the court, i.e., deeming the subject mortgages null and void and dismissing Financitech's claim for just compensation in the instant EDPL proceeding, were in error. As relevant here, Debtor and Creditor Law § 278 affords a creditor the ability to have a fraudulent "conveyance set aside . . . *to the extent necessary to satisfy his claim*" (§ 278 [1] [a] [emphasis added]). Fraudulent conveyances, however, "are binding on all non-creditors, including the transferor" (*Eberhard v Marcu*, 530 F3d 122, 131 [2d Cir 2008]). Thus, we

conclude that, rather than deeming the mortgages null and void, the court should have granted the alternative relief sought by Amadeus and subordinated Financitech's mortgage interests to Amadeus's judgment lien, which, in this case, best advances the purpose of the fraudulent conveyance statutes (*see Hearn 45 St. Corp.*, 283 NY at 142; *see also Joslin*, 309 AD2d at 839). We therefore modify the order by vacating those parts of the order that voided the mortgages and instead directing that the mortgages are subordinate to Amadeus's judgment lien against GML Syracuse.

Thus, because Financitech's mortgages are valid, we further conclude that the court erred in granting SIDA's motion for summary judgment dismissing Financitech's claim inasmuch as Financitech has standing to assert a claim for just compensation in the instant EDPL proceeding (*see generally* EDPL 503 [B]; *Matter of Port of N.Y. Auth.*, 12 AD2d 18, 20 [1st Dept 1960]). We therefore further modify the order accordingly.

In light of our determinations, we need not address Financitech's remaining contentions. Present—Whalen, P.J., Centra, DeJoseph, NeMoyer and Winslow, JJ.