Board of Mgrs. of the Lore Condominium v Gateway IV LLC (2019 NY Slip Op 01499)





Board of Mgrs. of the Lore Condominium v Gateway IV LLC


2019 NY Slip Op 01499


Decided on February 28, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 28, 2019

Friedman, J.P., Kapnick, Webber, Oing, Singh, JJ.


8555 154877/16

[*1]Board of Managers of the Lore Condominium, Plaintiff-Respondent-Appellant,
v
Gateway IV LLC, et al., Defendants-Appellants-Respondents.


Bartels & Feureisen, LLP, White Plains (Suzanne B. Calabrese of counsel), for appellants-respondents.
Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Rachael G. Ratner of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered December 29, 2017, which to the extent appealed from, denied defendants' motion to dismiss the breach of contract causes of action as asserted against the individual defendants, and to the extent cross-appealed from as limited by the briefs, granted dismissal of the causes of action for fraudulent inducement, constructive fraudulent conveyance and intentional fraudulent conveyance, unanimously modified, on the law, to dismiss the first and second causes of action, for breach of contract, as against the individual defendants, and reinstate the fourth and fifth causes of action, for constructive fraudulent conveyance, and otherwise affirmed, without costs.
Plaintiff alleges numerous defects in the construction of the condominium building, asserting claims against the sponsor and its principals.
The complaint does not support liability against the individual defendants based solely on their execution of the sponsor's certification (Board of Mgrs. of 184 Thompson St. Condominium v 184 Thompson St. Owner LLC, 106 AD3d 542, 544 [1st Dept 2013]; see also 20 Pine St. Homeowners Assn. v 20 Pine St. LLC, 109 AD3d 733, 735 [1st Dept 2013].
The fraudulent inducement cause of action was correctly dismissed as duplicative of the breach of contract causes of action (see Cronos Group Ltd. v XComIP, LLC, 156 AD3d 54 [1st Dept 2017]).
The causes of action for constructive fraudulent conveyance pursuant to Debtor & Creditor Law (DCL) §§ 273 and 274 are not subject to the particularity requirement of CPLR 3016 and should not have been dismissed on that basis (Ridinger v West Chelsea Dev. Partners LLC, 150 AD3d 559, 560 [1st Dept 2017]). Plaintiff has otherwise sufficiently stated claims under DCL §§ 273 and 274 (ABN AMRO Bank, N.V. v MBIA Inc., 17 NY3d 208, 228 [2011]).
The cause of action for intentional fraudulent conveyance was properly dismissed. While plaintiff alleges that defendants made the fraudulent conveyances with the actual intent to hinder, delay or defraud it (DCL § 276), there are insufficient badges of fraud pled (Wall St. Assoc. v Brodsky, 257 AD2d 526, 529 [1st Dept 1999]). For instance, plaintiff alleges that the conveyances were distributed to the individual defendants as pro rata proceeds of their equity interests in the sponsor, but does not allege that the transfers were not made in the normal course or that defendants were aware of plaintiff's claim and were unable to pay for it (cf. Matter of Wimbledon Fin. Master Fund, Ltd. v Bergstein, 166 AD3d 496 [1st Dept 2018]). The allegations [*2]also lack the particularity required under CPLR 3016(b).
We have considered the parties' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 28, 2019
CLERK