Floricic v City of New York (2023 NY Slip Op 00055)

Floricic v City of New York

2023 NY Slip Op 00055

Decided on January 10, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 10, 2023

Before: Renwick, J.P., Kapnick, Oing, Moulton, Higgitt, JJ. 

Index No. 159259/14, 595666/17 Appeal No. 16876 Case No. 2021-04651 

[*1]Davor ("david") Floricic et al., Plaintiffs-Respondents,
v
City of New York, Defendant-Appellant-Respondent, MTA et al., Defendants-Respondents-Appellants, N.Y.C. 2 Way International, Ltd., Doing Business as Corporate Transportation Group, et al., Defendants.
Prude Construction Corp., Third-Party Plaintiff-Respondent-Appellant,
v
Delaney Associates, LP, Third-Party Defendant-Appellant-Respondent.

Schnader Harrison Segal & Lewis LLP, New York (Theodore L. Hecht of counsel), for City of New York, appellant-respondent.
Shaub, Ahmuty, Citrin & Spratt LLP, Lake Success (Jonathan Shaub of counsel), for Delaney Associates, LP, appellant-respondent.
Shein Johnson, P.C., Melville (Steven Johnson of counsel), for MTA, NYCTA, Mabstoa, and Metropolitan Transp. Authority, respondents-appellants.
Goetz Schenker Blee & Wiederhorn LLP, New York (Lisa De Lindsay of counsel), for Prude Construction Corp., respondent-appellant.
Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for Davor Floricic and Jenny Floricic, respondents.

Order, Supreme Court, New York County (Adam Silvera, J.), entered October 12, 2021, which, to the extent appealed from as limited by the briefs, denied defendants Metropolitan Transportation Authority and New York City Transit Authority's (together, the MTA defendants) motion for summary judgment dismissing the complaint as against them, denied third-party defendant Delaney Associates, LP's motion for summary judgment dismissing the third-party complaint against it, denied defendant/third-party plaintiff Prude Construction Corp.'s motion for summary judgment dismissing the complaint as against it, denied defendant City of New York's cross motion for summary judgment dismissing Prude's cross claims for common-law indemnification and contribution against it, and denied the City's motion for summary judgment dismissing the complaint as against it, unanimously modified, on the law, to the extent of dismissing Prude's cross claims for common-law indemnification and contribution against the City only, and otherwise affirmed, without costs.
Plaintiff Davor Floricic sustained injuries when his motorcycle collided with a vehicle operated by defendant Behzon Sharipov at the intersection of 97th Street and First Avenue in Manhattan. At the time of the accident, the City was engaged in a project to install a bicycle lane and a pedestrian island on the west side of the avenue near the intersection. As a result of this project, the northwest corner of First Avenue and East 97th Street contained a newly built, but unmarked, concrete pedestrian island in place of a former lane for moving traffic, and an unmarked bicycle lane was in the process of being installed immediately west (to the left when traveling in the direction of traffic on First Avenue) of this newly constructed pedestrian island. The MTA defendants were engaged in a separate project installing a bus bulb on the east side of First Avenue and East 97th Street. The MTA defendants retained Prude to install the bus bulb, and Prude subcontracted Delaney for the work.
Floricic testified at his deposition that at the time of the accident, he was driving his motorcycle westbound on East 97th Street, approaching First Avenue, with a steady green light in his favor. As he entered the intersection, he noticed Sharipov's vehicle begin to enter the intersection from the opposite side of East 97th Street (traveling eastbound) and make a slight left turn onto First Avenue before stopping at a slight angle near the pedestrian island at the northwest corner of First Avenue. Floricic testified that when Sharipov's vehicle stopped, it had not yet impeded his lane of travel or crossed over into any of the northbound lanes of traffic on First Avenue. However, as Floricic was traveling past the pedestrian island, Sharipov's vehicle suddenly "jerked" forward and collided with his motorcycle, striking the left side of Floricic's body and launching his motorcycle onto the nearby pedestrian island.
Sharipov testified at [*2]his deposition that as he was proceeding eastbound, turning left from 97th Street onto First Avenue, he became confused by the construction work and lack of direction signs and stopped his vehicle in the intersection in order to "think [] about how to proceed" onto First Avenue. To that end, Sharipov testified he "stood there seeing this concrete protruding from the ground and wondering if it was a divider and if I was to make a left turn into the lane before the concrete or after it." Sharipov noted, "[t]here were no directional markings there. . . . This was the cause for me to be confused." According to Sharipov, he had been stopped for about 5 to 10 seconds when Floricic struck the front-left side of his stationary vehicle.
No party disputes that there were no signs, cones, or flaggers warning of the pedestrian island or indicating that the newly constructed bicycle lane was not intended for vehicular traffic. Indeed, one of the City's own witnesses, Aaron Segiura, conceded at his deposition that the unmarked curbside lane remained open and was wide enough to accommodate a traveling vehicle. Photographs of the accident site from the date of the accident show that the preexisting markings 0n the roadway had been removed and had not been updated to reflect the new configuration. Plaintiffs claim that the City, the MTA defendants, Prude, and Delaney removed the markings from the roadway and that their failure to replace the markings or to otherwise maintain traffic safety at the intersection while their projects were ongoing were a proximate cause of Floricic's accident.
The City is not entitled to governmental function immunity, as it was engaged in the proprietary function of maintaining the roadways at the time of the accident (see Wittorf v City of New York, 23 NY3d 473, 479 [2014]; Applewhite v Accuhealth, Inc., 21 NY3d 420, 425 [2013]). Nor is the City entitled to qualified immunity, given the absence of any evidence in the record that a study of the risks involved had been conducted (see Turturro v City of New York, 28 NY3d 469, 479 [2016]).
As to which defendants, if any, are liable to plaintiffs, the City, the MTA defendants, Prude, and Delaney maintain that any negligence on their part did not proximately cause Floricic's injuries because Floricic's and Sharipov's negligence in operating their vehicles were intervening acts that broke the causal connection between their conduct and Floricic injuries. The City and the MTA defendants also maintain that, at most, their construction projects merely furnished the occasion for the harm.
When an intervening act is extraordinary under the circumstances, unforeseeable, or wholly independent or far removed from a defendant's conduct, that act may break the causal nexus as a matter of law (see Hain v Jamison, 28 NY3d 524, 529 [2016]). That is not the case when "the intervening act is a natural and foreseeable consequence of a circumstance created by defendant" (Kush v City of Buffalo, 59 NY2d [*3]26, 33 [1983]). Moreover, where "the risk of harm created by a defendant's conduct corresponds to that which actually results — absent an extraordinary intervening act or significant facts weighing in favor of attenuation — it cannot be said, as a matter of law, that a defendant's negligence merely furnished the occasion for the harm," and "determination of proximate cause is best left for the factfinder" (Hain, 28 NY3d at 530). Put another way, that a defendant may not anticipate the precise manner of the accident does not preclude liability as a matter of law where the general risk and character of the injuries is foreseeable (see Derdiarian v Felix Contr. Corp., 51 NY2d 308, 317 [1980]).
Here, the record discloses several possible proximate causes: (i) Sharipov's alleged failure to properly operate his vehicle, (ii) Floricic's alleged failure to see what was there to be seen in front of him, and (iii) the City's and the MTA defendants' alleged failure to adequately maintain traffic safety while engaged in their projects. Sharipov testified that Floricic struck his stationary vehicle after he had stopped because of the confusion caused by the City's and the MTA defendants' construction work, while Floricic testified that Sharipov's stationary vehicle "jerked" forward and struck him as he approached it. The testimony therefore presents "conflicting versions as to how the accident occurred [which] raise triable issues of fact that preclude summary judgment on defendants' liability" (Huerta-Saucedo v Bronx Leasing, Inc., 147 AD3d 695, 695 [1st Dept 2007]). Critically, factual issues exist as to whether the two concurrent and ongoing construction projects at the intersection caused Sharipov's confusion, whether defendants were negligent in removing traffic safety signs and failing to maintain safety procedures and protocols at the intersection, and whether Floricic's accident was a foreseeable consequence of defendants' actions. Under these circumstances, whether defendants merely furnished the occasion for the accident and whether Floricic's and Sharipov's alleged negligence were intervening acts cannot be determined as a matter of law.
Prude's cross claims for indemnification and contribution against the City should be dismissed because it did not oppose the City's argument to dismiss them (see Winkler v Halmar Intl., LLC, 206 AD3d 508, 511 [1st Dept 2022]; 430 W. 23rd St. Tenants Corp. v 23rd Assoc., 155 AD2d 237, 239 [1st Dept 1989]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 10, 2023