Hyland v MFM Contr. Corp. (2024 NY Slip Op 01252)

Hyland v MFM Contr. Corp.

2024 NY Slip Op 01252

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Renwick, P.J., Webber, Kennedy, Pitt-Burke, Michael, JJ. 

Index No. 160196/16 Appeal No. 1802 Case No. 2023-02530 

[*1]Martin Hyland, Plaintiff-Appellant,
v
MFM Contracting Corp., et al., Defendants-Respondents.

Pollack, Pollack, Isaac & DeCicco, LLP, New York (Brian J. Isaac of counsel), for appellant.
McMahon, Martine & Gallagher, LLP, Brooklyn (Andrew D. Showers of counsel), for MFM Contracting Corp., respondent.
Cornell Grace, P.C., New York (Jason Meneses of counsel), for City of New York, respondent.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Thomas M. Fleming, II of counsel), for Tectonic Engineering & Surveying Consultants, P.C., respondent.

Order and judgment (one paper), Supreme Court, New York County (James G. Clynes, J.), entered December 1, 2022, which granted the motions of defendants MFM Contracting Corp. (MFM), the City of New York (City), and Tectonic Engineering & Surveying Consultants, P.C. (Tectonic), for summary judgment dismissing the complaint and all cross-claims against them, unanimously modified, on the law, to deny the summary judgment motions of MFM and Tectonic and to reinstate the complaint and cross-claims against said defendants, and otherwise affirmed, without costs.
Triable issues exist as to whether the actions and inactions of MFM, as general contractor on the project responsible for the means and methods of the work, and Tectonic, as the resident engineer obligated to, inter alia, ensure MFM's compliance with construction site safety requirements on a road construction project, had launched a force or instrument of harm by use of an opaque green fabric that was stretched across the length and height of a six-foot high, chain link fence that enclosed a construction area. The fabric-covered fencing obstructed the line-of-sight of pedestrians and motorists who were in the vicinity of the crosswalk at 29th Street and 9th Avenue in Manhattan, as the fence enclosure extended halfway into 29th Street, paralleling the crosswalk. Plaintiff, believing 29th Street to be fenced-off to traffic, crossed more than halfway through the crosswalk, against a "Don't Walk" signal, at which time he was hit by a vehicle that passed through a narrow lane on the other side of the fence enclosure from where plaintiff had approached. There was no construction activity taking place on that Saturday, and crossing guards and traffic agents who were ordinarily deployed during actual construction hours were not provided on the weekend. Triable issues exist whether the fence enclosure created a foreseeable, unreasonable risk to others, or exacerbated risks inherent at the subject intersection (see Espinal v Melville Snow Contrs., 98 NY2d 136 [2002]; Matter of Paula D. v City of New York, 115 AD3d 450 [1st Dept 2014]; Timmins v Tishman Constr. Corp., 9 AD3d 62 [1st Dept 2004], lv dismissed 4 NY3d 739 [2004]; cf. Chang v City of New York, 142 AD3d 401 [1st Dept 2016]).
The City is entitled to qualified immunity since it was engaged in the proprietary function of repairing the road, and the water and sewer lines at the time of the accident. Moreover, there no evidence that the City had notice of the intersection visibility issues prior to the accident (see Turturro v City of New York, 28 NY3d 469 [2016]).
Defendants' argument that plaintiff was the sole proximate cause of his accident because he did not heed the "Don't Walk" signal and the intersection's green light in favor of traffic and inasmuch as he did not act more prudently to look for traffic on 29th Street, is unavailing. Factual issues exist as to whether plaintiff was reasonable in his entry into the crosswalk under [*2]the circumstances or whether his careless conduct was so extraordinary, unforeseeable, and wholly independent from defendants' alleged negligent conduct such that it might be considered a superseding cause (see Floricic v City of New York, 212 AD3d 434, 436-437 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024