■ RUTH CORLESS, Respondent, v EDWARD A. MAZZA et al., Appellants, et al., Defendant. [744 NYS2d 249] —Mugglin, J. Appeal from that part of an amended order of the Supreme Court (Mulvey, J.), entered July 27, 2001 in Tompkins County, which denied certain defendants' motion to dismiss the complaint as time barred.

This legal malpractice action was commenced on July 27, 2000. The essence of the claim is that defendant Bruno A. Mazza negligently represented plaintiff on the sale of her restaurant by allowing her to accept an installment promissory note (constituting more than 90% of the sale price), which contained no provision giving her the option to declare the unpaid principal balance immediately due and payable upon default in payment of an installment. Bruno Mazza and defendants Edward A. Mazza and Mazza & Mazza (hereinafter collectively referred to as defendants) moved to dismiss the complaint as time barred. As the restaurant sale occurred on August 31, 1994, the malpractice action is clearly barred by the three-year statute of limitations (*see,* CPLR 214 [6]), unless the statute was tolled by the continuous representation rule (*see, Glamm v Allen*, 57 NY2d 87, 94). Defendants assert that Supreme Court erred in refusing to dismiss this action as time barred.

To avoid dismissal, plaintiff is required to establish, by sufficient evidentiary facts, a clear indicia of an ongoing, continuous, developing and dependent relationship between her and the attorney (*see, Aaron v Roemer, Wallens & Mineaux*, 272 AD2d 752, 754; *Luk Lamellen U. Kupplungbau GmbH v Lerner*, 166 AD2d 505, 506). Plaintiff's affidavit establishes that at various times between August 31, 1994 and July 1, 1997, she consulted Bruno Mazza regarding delinquencies under the promissory note and that he undertook to cure these delinquencies by demand letters. On July 1, 1997, the final alleged instance of legal service, Bruno Mazza prepared a notice of default which demanded payment of delinquent monthly payments and indicated that failure to pay by August 1, 1997 would immediately result in the acceleration of the entire unpaid balance. At this time, he advised plaintiff that, because he had undertaken representation of one of the debtors, he

would be unable to represent her if the matter required the institution of collection proceedings. Defendants contend, relying upon *Shumsky v Eisenstein* (96 NY2d 164), that any possible theory of continuous representation therefore ended on July 1, 1997.

We disagree. Notably, Bruno Mazza's continued representation of plaintiff pertains specifically to the matter in which it is claimed that he committed malpractice. Moreover, his note to plaintiff did not unequivocally terminate the attorney-client relationship. It did so only if litigation should become necessary. Obviously, plaintiff could not make this determination until after August 1, 1997, the due date contained in the notice prepared by Bruno Mazza. Accordingly, we concur in Supreme Court's determination that questions of fact regarding the application of the continuous representation doctrine require denial of defendants' motion to dismiss based on the statute of limitations.

Next, we address Supreme Court's refusal to dismiss the claim against Edward Mazza. Defendants assert that Mazza & Mazza is a professional corporation, that Edward Mazza is the owner and that Bruno Mazza is an employee. While we recognize that they have described themselves as owner and employee in their respective affidavits in support of their motion to dismiss, there is no evidence in this record that Mazza & Mazza is a professional corporation. The letterhead used by the firm during the requisite period of time would indicate that they practiced as a partnership. As the services rendered by Bruno Mazza to plaintiff were within the reasonable scope of the partnership business, all partners are potentially liable for any acts of malpractice (*see*, Partnership Law § 24; *Guild v Herrick*, 51 NYS2d 326, 331).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the amended order is affirmed, with costs.