■ COLETTE RHYMER, Appellant, v NEW YORK CITY TRANSIT AUTHORITY et al., Defendants, and KAPLAN, BRESLAW & ASH, INC., Respondent. [768 NYS2d 814]—

Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about October 25, 2002, which granted the motion of the corporate defendant and the cross motion of the Transit Authority defendants for summary judgment dismissing the complaint, unanimously affirmed, without costs.

After several adjournments at plaintiff's behest, plaintiff missed the motion court's final deadline of September 13, 2002 for submitting opposition papers. Those papers were ultimately submitted $3^{1}/_{2}$ weeks later, on October 7. At the hearing on return of the motions, on October 10, counsel advised the court, for the first time, that the delay had been due to his client undergoing eye surgery. At that point, the excuse was untimely.

What counsel failed to apprise the court was that on September 13, the deadline for submission of opposition papers, plaintiff had obtained from another justice an additional three weeks to file these papers. Plaintiff now argues that the adjournment granted by that other order became law of the case. But

that order is of no moment for several reasons. First, it was obtained ex parte, without any notice to the moving defendants. Second, it appears to have granted the adjournment only with respect to the corporate defendant's summary judgment motion, without any mention of the Transit Authority defendants' cross motion for similar relief. Third, it granted adjournment for the filing of opposition papers only until October 4, and those papers were concededly filed on October 7. Finally, the entertaining of plaintiff's request for additional time, outside Justice Lippmann's courtroom, violated the spirit of the Individual Assignment System (*Barksdale v New York City Tr. Auth.*, 273 AD2d 43, 45 [2000]), which calls for "continuous supervision of each action and proceeding by a single judge" (Uniform Civ Rules for Sup Ct and County Ct [22 NYCRR] § 202.3 [a]). As this Court has noted, "adoption of the Individual Assignment System has greatly attenuated reliance upon the doctrine [of law of the case]" (*Gee Tai Chong Realty Corp. v GA Ins. Co. of N.Y.*, 283 AD2d 295, 296 [2001]).

As to the alternative basis for dismissal, medical reports submitted by the corporate defendant obliged plaintiff to come forward with evidence that she had sustained a "serious injury" (Insurance Law § 5102 [d]; *Gaddy v Eyler*, 79 NY2d 955, 956 [1992]). The report she proffered, which was prepared by a doctor who did not begin treating her until nine months after the accident and five months after her return to work, was insufficient to establish the necessity for her alleged confinement at home, and does not even indicate what tests were utilized to measure her range of motion (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 357-358 [2002]). Concur—Buckley, P.J., Andrias, Sullivan, Friedman and Gonzalez, JJ.