■ MERCEDES ARJONA et al., Appellants, v JOSE L. CALCANO et al., Respondents, et al., Defendants. [776 NYS2d 49]—

Order, Supreme Court, Bronx County (Patricia Anne Williams, J.), entered July 9, 2003, which granted the motion by defendants Calcano and Santiago for summary judgment

dismissing the complaint as against them, unanimously affirmed, without costs.

Plaintiffs were passengers in a livery cab, owned by Santiago and driven by Calcano, which was struck by another automobile. The moving defendants met their initial burden of demonstrating, through the submission of plaintiffs' deposition testimony, various medical reports and affirmations from defendants' examining orthopedic surgeon, Dr. Springer, that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d). Plaintiffs offered reports under oath from a doctor, Dr. Hausknecht, who had purportedly reviewed their medical history, including MRIs and CT scans, and had personally examined them.

Although plaintiffs' expert was able to point to bulging or herniated discs which "permanently" and "significantly" affected their daily activities, there was no evidence that plaintiffs had sustained injuries that prevented them from "performing substantially all of the material acts which constitute such person's usual and customary daily activities" for at least 90 days during the 180 days immediately following the accident (*id.*). The expert did suggest, however, that each sustained a personal injury imposing a "significant limitation of use of a body function or system" (*id.*).

A bulging or herniated disc may very well be a serious injury within the meaning of the statute (*see DaSilva v Storz*, 290 AD2d 288 [2002]), and a CT scan or MRI constitutes objective medical evidence to support subjective complaints of such a painful condition (*Lesser v Smart Cab Corp.*, 283 AD2d 273, 274 [2001]). But a plaintiff must still offer some objective evidence of the extent or degree of his alleged physical limitations and their duration, resulting from the disc injury (*see Noble v Ackerman*, 252 AD2d 392, 394 [1998]). Plaintiffs' expert has stated simply that, as a result of these injuries, they have permanent problems in standing, sitting, bending and lifting. However, a minor, mild or slight limitation of use is insufficient to constitute a serious injury within the definition of the no-fault statute (*see Gaddy v Eyler*, 79 NY2d 955 [1992]). Moreover, in light of the fact that plaintiffs' expert was not their treating physician, and his only examination of them took place approximately 2 to $2^1/_2$ years after their last treatment for these injuries, a gap in treatment that is not adequately explained, his opinion as to permanence and significance was properly rejected as conclusory and speculative, and seemingly tailored to meet the statutory definition (*see Vaughan v Baez*, 305 AD2d 101 [2003]). Concur—Andrias, J.P., Williams, Friedman, Marlow and Gonzalez, JJ.