■ SILVERO MONTERO, as Administrator of the Estate of GENARO MONTERO, Also Known as GENARO RUIZ-MONTERO, Deceased, et al., Appellants, v ELRAC, INC., Doing Business as ENTERPRISE RENT-A-CAR, et al., Respondents, et al., Defendant. [792 NYS2d 405]—

Order, Supreme Court, Bronx County (Bertram Katz, J.), entered March 12, 2004, which granted the motion by defendants Ciszak and Hidden Valley to change venue from Bronx County to Orange County and denied plaintiffs' cross motion for summary judgment, and order, same court and Justice,

entered on or about June 4, 2004, which, to the extent appealable, denied plaintiffs' motion to renew their cross motion for summary judgment, unanimously affirmed, without costs.

The claimed new evidence on the motion to renew—that decedent's bicycle had two reflectors—would not have warranted a change in the prior determination denying summary judgment (*see* CPLR 2221 [e]; *Wahl v Grippen*, 305 AD2d 707 [2003]). Defendants met their burden of establishing issues of fact as to liability (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]) by submitting evidence that included the autopsy and toxicology reports, police report and deposition testimony.

Defendants Ciszak and Hidden Valley met the procedural requirements to support a change of venue, including identification of the proposed witnesses, contact with them to establish their availability and willingness to testify, the nature and materiality of their testimony, and an explanation of their inconvenience in having to travel from Orange County to the Bronx (CPLR 510 [3]; *cf. Cardona v Aggressive Heating*, 180 AD2d 572 [1992]). These requirements were not satisfied in defendant Elrac's earlier venue motion (*see* 300 AD2d 9 [2002]). Nor were the presently moving defendants united in interest with those in the earlier motion, since they had not appeared at that time.

A motion to change venue is addressed to the sound discretion of the court, and, in this instance, the IAS court properly found no unreasonable delay in the filing of this later venue motion (*see Toro v Gracin*, 148 AD2d 364 [1989]). We have considered plaintiffs' remaining arguments and find them to be without merit. Concur—Tom, J.P., Mazzarelli, Saxe, Ellerin and Nardelli, JJ.