■ INEZ NAGBE, Appellant, v MINIGREEN HACKING GROUP et al., Respondents. [802 NYS2d 416]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered February 23, 2004, which granted defendants' motion for summary judgment dismissing the complaint on the ground that plaintiff did not suffer a "serious injury" within the meaning of Insurance Law § 5102 (d), and order, same court and Justice, entered on or about December 30, 2004, which, insofar as appealable, denied plaintiff's motion to renew, unanimously affirmed, without costs.

The affirmed medical report of defendants' neurologist, detailing the objective tests performed, finding that plaintiff had full range of motion in her cervical and lumbar spine, and concluding that plaintiff had recovered from the sprain/strain-type injuries to her cervical, thoracic and lumbar spine suffered as a result of the accident, satisfied defendants' burden of establishing prima facie that plaintiff did not suffer a serious injury (*see Gaddy v Eyler*, 79 NY2d 955, 956 [1992]; *Thompson v Abbasi*, 15 AD3d 95, 96 [2005], *lv denied* 2005 NY App Div LEXIS 6849 [2005]; *Copeland v Kasalica*, 6 AD3d 253 [2004]). The burden thus shifted to plaintiff to raise a triable issue of fact. Although a herniated disc may constitute a serious injury, "a plaintiff must still offer some objective evidence of the extent or degree of [her] alleged physical limitations and their duration, resulting from the disc injury" (*Arjona v Calcano*, 7 AD3d 279, 280 [2004]). This plaintiff failed to do so. The report of the doctor who first treated plaintiff is deficient because the range of motion tests reported were taken only two days after the accident, and, since he last examined plaintiff some two years before the filing of the motion, he had no knowledge of her current condition and therefore could not offer an opinion on the duration or

permanence of her injuries (*see Sainte-Aime v Ho*, 274 AD2d 569, 569-570 [2000]; *Kauderer v Penta*, 261 AD2d 365 [1999]). The report of the doctor who later treated plaintiff is deficient because he failed to identify the objective tests he employed to measure plaintiff's range of motion, failed to indicate what the normal range of motion would be and otherwise failed to indicate that plaintiff's limitations are significant (*see Shaw v Looking Glass Assoc., LP*, 8 AD3d 100, 103 [2004]; *Rhymer v New York City Tr. Auth.*, 2 AD3d 350, 351 [2003]). Indeed, his report reveals no more than that plaintiff suffered sprains and strains (*see Arjona*, 7 AD3d 279, 280 [2004]). Plaintiff's motion to renew was properly denied (CPLR 2221 [e]; *see Montero v Elrac, Inc.*, 16 AD3d 284 [2005]). Concur—Andrias, J.P., Friedman, Sullivan and Gonzalez, JJ.