■ 212 INVESTMENT CORPORATION et al., Respondents-Appellants, v MYRON KAPLAN et al., Defendants, and ALAN STARK, Appellant-Respondent. [843 NYS2d 222]—

Order, Supreme Court, New York County (Herman Cahn, J.), entered August 31, 2005, which, to the extent appealed from as limited by the briefs, denied defendant Stark's motion to dismiss the complaint, but dismissed on statute of limitations grounds the claims for unjust enrichment pertaining to acts occurring prior to September 15, 1998, and for gross negligence, waste, diversion of opportunity and legal malpractice pertaining to acts occurring prior to September 15, 2001, unanimously modified, on the law, the claims for unjust enrichment, gross negligence, waste, diversion of opportunity and legal malpractice reinstated in their entirety, and otherwise affirmed, with costs in favor of plaintiff, payable by defendant Stark. Order, same court and Justice, entered March 22, 2006, which denied Stark's motion to renew, unanimously affirmed, with costs in favor of plaintiff, payable by defendant Stark.

Plaintiff limited partners allege that Stark, the partnership attorney, was, unbeknownst to them, also the personal attorney of defendant Myron Kaplan, a member of the limited liability company that is the partnership's general partner, and that Stark fraudulently concealed from the partnership an investigation into improper trading by defendant Barbara Kaplan, the partnership's stockbroker, who was also Myron's sister. The investigation by the New York Stock Exchange (NYSE) concluded that Barbara had engaged in improper trading to the detriment of the partnership, for the benefit of Myron's personal account.

In moving to renew the denial of his motion to dismiss, Stark submitted deposition testimony from the NYSE investigation which, he argued, demonstrated that a member of the limited liability company that was the general partner was aware of Barbara Kaplan's improper trading, and there could thus be no fraudulent coverup as alleged in the complaint. The motion to renew was properly denied, as the new facts submitted would not have changed the prior determination (CPLR 2221 [e]; *Montero v Elrac, Inc.*, 16 AD3d 284 [2005]). The deposition testimony did not establish that the general partner was aware of an investigation into Barbara's improper conduct.

We agree with plaintiffs' contention that the statutes of limitations on their claims for gross negligence, waste, diversion of opportunity and attorney malpractice are subject to tolling under the continuous representation doctrine. The continuous representation doctrine applies to toll the relevant statute in cases involving the provision of professional services. As explained by the Court of Appeals in *Greene v Greene* (56 NY2d 86, 94-95 [1982]), a client cannot reasonably be expected to assess the quality of the professional service while it is in progress. However, the continuous representation must be in connection with the particular transaction that is the subject of the action, and not merely over the course of a general professional relationship (*see Zaref v Berk & Michaels*, 192 AD2d 346, 347-348 [1993]; *see also Williamson v PricewaterhouseCoopers LLP*, 9 NY3d 1 [2007]). In the instant case, contrary to the IAS court's finding, the continuous representation doctrine is applicable because plaintiffs allege that Stark represented the partnership in connection with the NYSE investigation, but instead of notifying the partnership of the charges against Barbara Kaplan, he worked with the Kaplans to derail the investigation and cover up their wrongdoing (*see Corless v Mazza*, 295 AD2d 848 [2002]). Moreover, the "open repudiation" doctrine tolls the statute of limitations on the unjust enrichment claim, which seeks equitable relief in the form of restitution (*see Matter of Kaszirer v Kaszirer*, 286 AD2d 598, 599 [2001]; *Westchester Religious Inst. v Kamerman*, 262 AD2d 131 [1999]).

Plaintiffs established standing by demonstrating that a demand by the general partner, the limited liability company of which Myron Kaplan owned a 50% share, would have been futile (*see Allison Publs. v Mutual Benefit Life Ins. Co.*, 197 AD2d 463, 464 [1993]).

We have considered all remaining arguments for affirmative relief and find them without merit. Concur—Andrias, J.P., Sullivan, Catterson, McGuire and Malone, JJ.