■ INCORPORATED VILLAGE OF MUTTONTOWN, Respondent, v BERNARD D. RYBA, as Mayor of the Incorporated Village of Old Brookville, et al., Appellants. [994 NYS2d 166]—

In an action, inter alia, for an accounting, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Galasso, J.), entered February 25, 2013, which granted the plaintiff's motion for summary judgment on the complaint and denied their cross motion for summary judgment dismissing the complaint, and (2) an order of the same court entered May 24, 2013, which denied their motion for leave to renew and reargue their cross motion for summary judgment dismissing the complaint.

Ordered that the appeal from so much of the order entered May 24, 2013, as denied that branch of the defendants' motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument (*see Poulard v Judkins*, 102 AD3d 665, 665 [2013]); and it is further,

Ordered that the order entered February 25, 2013, is affirmed; and it is further, ordered that the order entered May 24, 2013, is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

From June 1, 2006, through May 31, 2011, the plaintiff, Incorporated Village of Muttontown (hereinafter Muttontown), and the defendants (hereinafter the six villages), were parties to a seven-village joint police protection contract (hereinafter the contract), through which those seven villages jointly funded and managed police protection services for their inhabitants. Pursuant to the contract, the assets of the joint police protection service were jointly owned by all of the villages, although the Incorporated Village of Old Brookville (hereinafter Old Brookville) was designated "the nominal owner" and custodian "of all assets which shall be held in trust for the benefit of the Villages." Jointly owned funds were to be segregated in a separate, identified account. All funds contributed by the villages were to "remain the collective property of the Villages in proportion to each Village's pro rata share until such moneys are expended pursuant to this contract."

The contract provided that, upon its expiration, "the division or disposition of the interests of the respective Villages in the assets (net of all claims and accruals and other liabilities, and net of earned but not vested termination benefits) shall be distributed in cash or in kind in accordance with each party's pro rata share." The parties would remain responsible for "Post Contract Obligations," such as payment of their "liabilities and obligations incurred prior to such expiration," including "earned termination benefits," as described in a collective bargaining agreement with the Old Brookville Police Benevolent Association, Inc.

On September 8, 2011, less than four months after the contract expired, Muttontown requested financial information from Old Brookville for the period encompassed by the contract. Negotiations continued through at least May 25, 2012. Muttontown's request for an accounting was not granted and, on May 31, 2012, the six villages filed a notice of claim against Muttontown for money allegedly due under the contract.

By summons and complaint filed June 28, 2012, Muttontown commenced the instant action, inter alia, for an accounting. In opposition to Muttontown's motion for summary judgment on the complaint, the six villages cross-moved for summary judgment dismissing the complaint based upon, among other grounds, Muttontown's failure to file a notice of claim in accordance with CPLR 9802.

The Supreme Court granted Muttontown's motion and denied the cross motion of the six villages, finding that a notice of claim for an equitable accounting obligation was not required

under the facts. However, "to avoid any further litigation on the issue," the Supreme Court also granted Muttontown's request for leave to file a notice of claim. A notice of claim was filed on or about February 25, 2013. Thereafter, the six villages moved for leave to renew and reargue their cross motion for summary judgment dismissing the complaint, and the Supreme Court denied the motion.

Contrary to the Supreme Court's determination, the "notice of claim requirements in . . . CPLR 9802 encompass causes of action for equitable relief" (*Mendik v Incorporated Vil. of Lattingtown*, 76 AD3d 616, 618 [2010] [citations omitted]; *see Greco v Incorporated Vil. of Freeport*, 223 AD2d 674 [1996]; *Solow v Liebman*, 175 AD2d 867 [1991]). The "public interest" exception does not relieve Muttontown from the notice of claim requirement (*423 S. Salina St. v City of Syracuse*, 68 NY2d 474, 493 [1986]; *see Picciano v Nassau County Civ. Serv. Commn.*, 290 AD2d 164, 169 [2001]).

However, the limitations period for a cause of action alleging a breach of fiduciary duty relationship does not begin to run "until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated" (*Westchester Religious Inst. v Kamerman*, 262 AD2d 131, 131 [1999]; *see Matter of Barabash*, 31 NY2d 76, 80 [1972]). Thus, claims for an accounting accrue when there is either an open repudiation of the fiduciary's obligation or a judicial settlement of the fiduciary's account (*see Evangelista v Mattone*, 44 AD3d 704, 705 [2007]; *212 Inv. Corp. v Kaplan*, 44 AD3d 332 [2007]; *Matter of Meyer*, 303 AD2d 682, 683 [2003]). The fiduciary must demonstrate complete repudiation of its duties as a fiduciary (*see Matter of Ruth Bronner & Zwi Levy Family Sprinkling Trust*, 112 AD3d 429, 429 [2013]).

Here, there was no open (*see Evangelista v Mattone*, 44 AD3d at 705) or complete (*see Matter of Ruth Bronner & Zwi Levy Family Sprinkling Trust*, 112 AD3d at 429) repudiation of Old Brookville's fiduciary relationship on May 31, 2011, the date the contract expired. As previously noted, that contract imposed obligations on Old Brookville as trustee to wind up its obligations. The parties continued negotiating Muttontown's request for an accounting through at least May 25, 2012. CPLR 9802 provides that a notice of claim in an action against a village "upon or arising out of a contract of the village" must be filed "within one year after the cause of action therefor shall have accrued." Thus, under CPLR 9802, the notice of claim was timely filed.

The Supreme Court also properly denied that branch of the

motion of the six villages which was for leave to renew (*see* CPLR 2221 [e] [2]; *30-40 E. Main St. Bayshore, Inc. v Republic Franklin Ins. Co.*, 115 AD3d 737 [2014]; *Medina v New York City Health & Hosps. Corp. [Woodhull Med. & Mental Health Ctr.]*, 22 AD3d 814 [2005]).

The six villages' remaining contentions are without merit. Skelos, J.P., Roman, Hinds-Radix and LaSalle, JJ., concur.