■ In the Matter of TAPSIRU KAMARA, Respondent, v EAST RIVER LANDING, Respondent, and DEPARTMENT OF HOUSING PRESERVATION and DEVELOPMENT OF THE CITY OF NEW YORK et al., Appellants. [18 NYS3d 23]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered February 21, 2014, which granted petitioner's motion to vacate her default in a prior CPLR article 78 proceeding and consolidated that article 78 proceeding with the instant article 78 proceeding seeking the same relief, and denied respondents-appellants' cross motions to dismiss the petition, unanimously reversed, on the law, without costs, the cross motions granted, the petition denied, and the proceeding dismissed. The Clerk is directed to enter judgment accordingly.

The court improperly determined a motion to vacate an order of a justice of coordinate jurisdiction rendered in an earlier article 78 proceeding brought by the then pro se petitioner. That motion should have been addressed to the justice in the prior proceeding because he was the assigned judge (*see* CPLR 2221 [a] [1]; [b]; 22 NYCRR 202.3 [b]; *Clearwater Realty Co. v Hernandez*, 256 AD2d 100, 102 [1st Dept 1998]), and no exception was cited pursuant to 22 NYCRR 202.3 (c). Since the court lacked the authority to determine petitioner's motion to vacate her default in the prior article 78 proceeding, consolidation of the two proceedings was improper.

Moreover, it was undisputed that the second article 78 proceeding was untimely since it was filed more than four months after petitioner admitted she became aware of Depart-

ment of Housing Preservation and Development's (HPD) determination denying her succession rights to the apartment, and therefore, HPD's and the landlord's cross motions to dismiss the petition as barred by the statute of limitations should have been granted. In any event, HPD's determination was rational since the documents presented to the hearing officer did not demonstrate when the tenant vacated the apartment and how long petitioner cohabited with him (*see Matter of Howard v Wyman*, 28 NY2d 434, 438 [1971]). Concur—Friedman, J.P., Sweeny, Saxe, Moskowitz and Gische, JJ.