■ STAR METH CORP., Appellant, v STUART STEINER et al., Respondents. [22 NYS3d 21]—

Judgment, Supreme Court, New York County (Joan A. Madden, J.), entered August 26, 2014, after a jury trial, in favor of defendants, and bringing up for review an order, same court and Justice, entered July 30, 2014, which denied plaintiff's posttrial motion for judgment notwithstanding the verdict or a new trial, unanimously affirmed, without costs. Appeal from aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment, and appeal from order, same court and Justice, entered July 11, 2011, which, to the extent appealed from, granted defendant Steiner's motion for summary judgment insofar as he sought to preclude plaintiff from seeking damages incurred prior to plaintiff's date of incorporation, unanimously dismissed, without costs, as academic.

The jury's findings that in 1993 Steiner disclosed defendants' fraudulent payroll scheme to Peter Schorr, a son and nephew of plaintiff's owners, and that Peter ratified the scheme, was based on legally sufficient evidence and was not against the weight of the evidence (*see generally Cohen v Hallmark Cards*, 45 NY2d 493, 498-499 [1978]; *Lolik v Big v Supermarkets*, 86 NY2d 744, 746 [1995]). Accordingly, the motion court correctly concluded that, based on the "open repudiation" rule, the six-year statute of limitations began to run in 1993 and thus plaintiff's action was time-barred (*see Westchester Religious Inst. v Kamerman*, 262 AD2d 131 [1st Dept 1999]; *212 Inv. Corp. v Kaplan*, 44 AD3d 332, 334 [1st Dept 2007]). The jury clearly resolved issues of credibility in defendants' favor, and its determinations are entitled to deference (*see Haiyan Lu v Spinelli*, 44 AD3d 546 [1st Dept 2007], *lv denied* 10 NY3d 716 [2008], *rearg denied* 11 NY3d 769 [2008]).

The trial court correctly declined to issue an adverse inference charge based upon Steiner's invocation of the Fifth Amendment in a deposition in an unrelated action in which he was a nonparty (*see Access Capital v DeCicco*, 302 AD2d 48, 52 [1st Dept 2002]).

Plaintiff failed to preserve its argument that Peter lacked authority to bind plaintiff, as plaintiff did not raise the issue at trial, request that the jury be charged on the issue, or request that the claim be listed on the special verdict sheet (*see Brown v Dragoon*, 11 AD3d 834, 835 [3d Dept 2004], *lv denied* 4 NY3d 710 [2005]).

Plaintiff's remaining arguments are either moot, given the foregoing, or unavailing. Concur—Mazzarelli, J.P., Acosta, Moskowitz and Richter, JJ.