Federal Natl. Mtge. Assn. v David (2019 NY Slip Op 03933)





Federal Natl. Mtge. Assn. v David


2019 NY Slip Op 03933


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Sweeny, J.P., Renwick, Tom, Kapnick, Oing, JJ.


9380 159921/14

[*1]Federal National Mortgage Association, Plaintiff-Appellant,
v
Cohn David also known as David Cohn, Defendant-Respondent, Alberto Morales, et al., Defendants.


Sandelands Eyet LLP, New York (Len M. Garza of counsel), for appellant.
Anderson, Bowman & Zalewski, PLLC, Kew Gardens (Mark Anderson of counsel), for respondents.



Order, Supreme Court, New York County (Judith M. McMahon, J.), entered on or about December 1, 2017, which, to the extent appealed from as limited by the briefs, dismissed the complaint, unanimously affirmed, with costs.
Plaintiff never objected to or preserved for appeal that portion of defendants' order to show cause seeking consolidation of the 2009 and 2014 foreclosure actions, and even requested such relief itself. Upon consideration of this issue, the dismissal of the 2014 foreclosure action was permissible since the 2009 foreclosure action had been withdrawn by stipulation, the actions had common questions of law and fact, and plaintiff did not demonstrate a clear abuse of discretion or prejudice to a substantial right (see Geneva Temps, Inc. v New World Communities, Inc., 24 AD3d 332, 334 [1st Dept 2005]). Contrary to plaintiff's contention, it was not improper for the Justice presiding over the 2009 foreclosure action to dismiss both actions, as there was no prior ruling that was a consideration in this case (Gee Tai Chong Realty Corp. v GA Ins. Co. of N.Y., 283 AD2d 295, 296 [1st Dept 2001]; cf. Rhymer v New York City Tr. Auth., 2 AD3d 350 [1st Dept 2003]; Matter of Kamara v East Riv. Landing, 132 AD3d 510 [1st Dept 2015]).
The affidavits of plaintiff's process server describing the person who accepted service of the summons, complaint, and notice of pendency constituted prima facie evidence of proper service (see NYCTL 2012-A Trust v Colbert, 146 AD3d 482, 483 [1st Dept 2017]). Defendants' sworn affidavits, attesting that they did not reside at the premises purportedly served at the time of service, and that they did not receive notice of publication, were sufficient to rebut the presumption of proper service (Johnson v Deas, 32 AD3d 253, 254 [1st Dept 2006]). Thus, a traverse hearing was required (see NYCTL 1998-1 Trust & Bank of N.Y. v Rabinowitz, 7 AD3d [*2]459, 460 [1st Dept 2004]). Plaintiff failed to produce the process server, the process server's log book, or other opposing evidence at the hearing. Thus its burden to prove that process was effectuated was not met (see Woods v M.B.D. Community Hous. Corp., 90 AD3d 430, 430 [1st Dept 2011]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK