Karla W. v Carlisha K.M. (2021 NY Slip Op 02630)





Karla W. v Carlisha K.M.


2021 NY Slip Op 02630


Decided on April 30, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, CURRAN, BANNISTER, AND DEJOSEPH, JJ.


152 CA 19-02301

[*1]KARLA W., INDIVIDUALLY AND AS PARENT AND NATURAL GUARDIAN OF T.H., AN INFANT, PLAINTIFF-APPELLANT,
v
CARLISHA K.M., AS PARENT AND NATURAL GUARDIAN OF A.H., AN INFANT, ET AL., DEFENDANTS, CITY OF BUFFALO, AND BOARD OF EDUCATION FOR CITY SCHOOL DISTRICT OF CITY OF BUFFALO, DEFENDANTS-RESPONDENTS. 






KEVIN T. STOCKER, TONAWANDA, FOR PLAINTIFF-APPELLANT. 
TIMOTHY A. BALL, CORPORATION COUNSEL, BUFFALO (CHRISTOPHER R. POOLE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered November 25, 2019. The order granted the motion of defendants City of Buffalo and Board of Education for City School District of City of Buffalo to dismiss the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action against defendants Charter School of Applied Technologies (CSAT), the City of Buffalo (City), and the Board of Education for the City School District of the City of Buffalo (Board), among others, to recover damages for personal injuries sustained by her daughter when her daughter was assaulted by three other students in a restroom at CSAT middle school. As relevant on this appeal, plaintiff asserted causes of action against the City and Board (collectively, defendants) for negligence, negligent supervision, negligent monitoring, inadequate security, and negligent performance of a governmental function. Defendants thereafter moved to dismiss the complaint against them pursuant to CPLR 3211 (a) (7) on the ground that they had no authority over CSAT. Supreme Court granted the motion without prejudice, and we affirm.
In the context of a motion to dismiss the complaint, we must "accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). "It is well established that affidavits and other evidentiary materials are admissible to support a motion to dismiss pursuant to CPLR 3211 (a) (7) . . . , and it is equally well established that such affidavits and materials will warrant dismissal under that provision if they establish conclusively that [the] plaintiff has no cause of action" (Jeanty v State of New York, 175 AD3d 1073, 1074 [4th Dept 2019], lv denied 34 NY3d 912 [2020] [internal quotation marks omitted]).
Contrary to plaintiff's contention, defendants' submissions on their motion, including the affidavit of the executive director of plant services and school planning of the Buffalo Public Schools, established conclusively that plaintiff has no cause of action. The executive director stated that CSAT is not in the City of Buffalo Public Schools system, but rather is an independently operated charter school. Consequently, CSAT is not under the purview of defendants. Although "a school has a duty of care while children are in its physical custody or [*2]orbit of authority" (Chainani v Board of Educ. of City of N.Y., 87 NY2d 370, 378 [1995]) and has "a duty to adequately supervise the students in [its] charge" (Mirand v City of New York, 84 NY2d 44, 49 [1994]), defendants owed no duty to plaintiff's daughter here inasmuch as the alleged assault took place at CSAT, an independent and autonomous public school with its own employees, oversight and compliance authority (see Education Law §§ 2853 [1] [c], [f]; [2-a]; 2854 [3] [a]; 2855; see generally Matter of DeVera v Elia, 32 NY3d 423, 429-431 [2018]).
Contrary to plaintiff's related contention, the court did not abuse its discretion by refusing to deny the motion as premature pursuant to CPLR 3211 (d) (see generally Herzog v Town of Thompson, 216 AD2d 801, 803-804 [3d Dept 1995]; Copeland v Weyerhaeuser Co., 122 AD2d 561, 561 [4th Dept 1986]; cf. generally Gonzalez-Doldan v Kaleida Health, Inc., 160 AD3d 1384, 1384 [4th Dept 2018]). We have reviewed plaintiff's remaining contention and conclude that it does not warrant modification or reversal of the order.
Entered: April 30, 2021
Mark W. Bennett
Clerk of the Court