Health v Hyland (2021 NY Slip Op 07391)





Health v Hyland


2021 NY Slip Op 07391


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, BANNISTER, AND DEJOSEPH, JJ.


920 CA 21-00752

[*1]KALEIDA HEALTH, PLAINTIFF-APPELLANT,
v
MARGARET HYLAND, MARGARET HYLAND SUPPLEMENTAL NEEDS TRUST, ANDREW HYLAND AND WILLIAM HYLAND, III, DEFENDANTS-RESPONDENTS. 






MAGAVERN MAGAVERN GRIMM LLP, NIAGARA FALLS (SEAN J. MACKENZIE OF COUNSEL), FOR PLAINTIFF-APPELLANT.


 Appeal from an order of the Supreme Court, Niagara County (Timothy J. Walker, A.J.), entered November 2, 2020. The order granted the motion of defendants to dismiss plaintiff's second, fifth, sixth and seventh causes of action. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the fifth, sixth, and seventh causes of action in the complaint, and as modified, the order is affirmed without costs.
Memorandum: Plaintiff, a not-for-profit hospital corporation, owns and operates DeGraff Rehab and Long Term Care, a residential skilled nursing facility where defendant Margaret Hyland (Margaret) resides. Plaintiff commenced this action seeking, inter alia, monetary damages for unpaid charges associated with Margaret's residence and care at the facility that were incurred, in part, because Erie County Department of Social Services imposed a penalty period for Margaret's eligibility for Medicaid benefits based on her alleged transfer of various assets for less than fair market value. In lieu of an answer, defendants moved to dismiss plaintiff's second, fifth, sixth, and seventh causes of action pursuant to CPLR 3211 (a) (7). Supreme Court granted the motion, and plaintiff appeals.
Contrary to plaintiff's contention, the court properly granted the motion insofar as it sought dismissal of the second cause of action, which is based on a breach of fiduciary duty by defendant William Hyland, III (William), Margaret's son and alleged attorney-in-fact. The elements of a cause of action for a breach of fiduciary duty are "the existence of a fiduciary relationship, misconduct by defendant, and damages directly caused by that misconduct" (Wells v Hurlburt Rd. Co., LLC, 145 AD3d 1486, 1487 [4th Dept 2016]). In the context of a motion to dismiss pursuant to CPLR 3211 (a) (7), we must "accept the facts as alleged in the complaint as true, accord plaintiff[] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Here, defendants are entitled to dismissal of the second cause of action because plaintiff did not allege that there was a fiduciary relationship between it and William (see Shaffer v Gilberg, 125 AD3d 632, 635 [2d Dept 2015]; Cornwell v NRT N.Y. LLC, 95 AD3d 637, 637 [1st Dept 2012]; see also Mazzarella v Syracuse Diocese [appeal No. 2], 100 AD3d 1384, 1385 [4th Dept 2012]).
We agree with plaintiff, however, that the court erred in granting the motion insofar as it sought dismissal of the fifth, sixth, and seventh causes of action, and we therefore modify the order accordingly. The fifth cause of action is premised on Debtor and Creditor Law former § 273. Pursuant to former section 273, "[e]very conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his [or her] actual intent if the conveyance is made or the obligation is incurred without a fair consideration." "[B]oth insolvency and lack of fair consideration are prerequisites to a finding of [*2]constructive fraud under [former] section 273" (Joslin v Lopez, 309 AD2d 837, 838 [2d Dept 2003]; see Matter of City of Syracuse Indus. Dev. Agency [Amadeus Dev., Inc.—Financitech, Ltd.], 156 AD3d 1329, 1331-1332 [4th Dept 2017], lv dismissed 32 NY3d 947 [2018]). Here, we conclude that plaintiff sufficiently alleged a cause of action under former section 273. Plaintiff alleged that defendants made conveyances as that term is defined in Debtor and Creditor Law former § 270. Plaintiff further alleged that those conveyances were made without fair consideration (see former § 272) and that they rendered Margaret insolvent (see former § 271 [1]).
Plaintiff's sixth cause of action is premised on Debtor and Creditor Law former § 276. Pursuant to former section 276, "[e]very conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed in law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors." Plaintiff alleged that the conveyances were made with actual intent to defraud, and we accept those allegations as true (see Leon, 84 NY2d at 87). Although defendants submitted in support of the motion an affidavit of Margaret explaining her rationale for certain transactions, the affidavit did not "establish conclusively that . . . plaintiff has no cause of action" (Jeanty v State of New York, 175 AD3d 1073, 1074 [4th Dept 2019], lv denied 34 NY3d 912 [2020] [internal quotation marks omitted]; see Karla W. v Carlisha K.M., 193 AD3d 1335, 1336 [4th Dept 2021]).
Finally, in light of our conclusion with respect to plaintiff's sixth cause of action, we agree with plaintiff that the court erred in granting the motion insofar as it sought dismissal of the seventh cause of action in which plaintiff seeks an award of attorney's fees
pursuant to Debtor and Creditor Law former § 276-a.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court