Gam v Dvir (2024 NY Slip Op 00181)

Gam v Dvir

2024 NY Slip Op 00181

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
LAURENCE L. LOVE, JJ.

2019-07603
2020-09262
 (Index No. 701298/17)

[*1]Efrat Gam, et al., appellants-respondents,
v
Joseph Dvir, respondent-appellant.

Farley & Kessler, P.C., Jericho, NY (Richard L. Farley and Susan R. Nudelman of counsel), for appellants-respondents.
Malvina Nathanson, New York, NY, for respondent-appellant.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of fiduciary duty, conversion, and unjust enrichment, (1) the plaintiffs appeal from an order of the Supreme Court, Queens County (Leonard Livote, J.), dated May 16, 2019, and (2) the plaintiffs appeal, and the defendant cross-appeals, from a judgment of the same court entered December 9, 2020. The order, insofar as appealed from, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for breach of fiduciary duty and conversion. The judgment, insofar as appealed from, upon a jury verdict in favor of the plaintiff Slim's Bagels & Bialys, Inc., and against the defendant on the cause of action to recover damages for unjust enrichment, is in favor of the plaintiff Slim's Bagel & Bialys, Inc., and against the defendant in the principal sum of only $141,099, and, upon the order dated May 16, 2019, is in favor of the defendant and against the plaintiffs, in effect, dismissing the causes of action to recover damages for breach of fiduciary duty and conversion. The judgment, insofar as cross-appealed from, upon (a) the order dated May 16, 2019, inter alia, denying that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for unjust enrichment, (b) the jury verdict in favor of the plaintiff Slim's Bagels & Bialys, Inc., and against the defendant on the cause of action to recover damages for unjust enrichment, and (c) a decision of the same court dated September 24, 2020, is in favor of the plaintiff Slim's Bagels & Bialys, Inc., and against the defendant in the principal sum of $141,099 on the cause of action to recover damages for unjust enrichment, pursuant to Business Corporation Law § 626(e) awarded the plaintiff Efrat Gam attorneys' fees and disbursements, and pursuant to Business Corporation Law § 716 removed the defendant as a corporate officer of the plaintiff Slim's Bagels & Bialys, Inc.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is modified, on the law, by deleting the provisions thereof, in effect, dismissing the causes of action to recover damages for breach of fiduciary duty and conversion; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for breach of fiduciary duty and conversion are denied, the order is modified accordingly, and the causes of action to recover damages for breach of fiduciary duty and conversion are reinstated; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
These appeals arise from a dispute between the plaintiff Efrat Gam and the defendant, Joseph Dvir, co-owners of a close corporation, the plaintiff Slim's Bagles & Bialys, Inc. (hereinafter Slim's), that operated a bagel store in Queens (hereinafter the store). In January 2017, Gam and Slim's commenced this action, inter alia, to recover damages for breach of fiduciary duty, conversion, and unjust enrichment. The defendant moved for summary judgment dismissing the complaint. The plaintiffs cross-moved for summary judgment on the complaint and dismissing the defendant's affirmative defenses. In an order dated May 16, 2019, the Supreme Court, among other things, granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for breach of fiduciary duty and conversion on the ground they were barred by the three-year statute of limitations, and denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for unjust enrichment, determining that it was not barred by the applicable six-year statute of limitations and that there were issues of fact precluding summary judgment.
At trial, the plaintiffs sought to establish, inter alia, that from 2010 to 2013, the defendant, as Slim's operating partner at the time, wrongfully made payments by check to himself from Slim's account in an approximate amount of $216,000 more than that which was paid to Gam over the same time period. The defendant contended that over this time period, he made equal payments by cash from Slim's account to Gam.
Following the trial, the jury reached a verdict finding that the defendant was unjustly enriched in the sum of $141,099. In a decision dated September 24, 2020, the Supreme Court decided the remaining equitable causes of action. The court determined that the plaintiffs established that pursuant to Business Corporation Law § 716, the defendant should be removed as a corporate officer of Slim's. In addition, the court determined that pursuant to Business Corporation Law § 626, the plaintiffs were entitled to an award of attorneys' fees and disbursements in the sums of $126,845 and $2,955.09, respectively. Subsequently, the court entered a judgment, inter alia, in favor of Slim's and against the defendant in the principal sum of $141,099 on the cause of action to recover damages for unjust enrichment, awarded Gam attorneys' fees and disbursements in the sums of $126,845 and $2,955.09, respectively, to be paid by Slim's, and removed the defendant as a corporate officer of Slim's. The plaintiffs appeal from the order. The plaintiffs appeal, and the defendant cross-appeals, from the judgment.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).
The Supreme Court improperly granted those branches of the defendant's motion which were for summary judgment dismissing the causes of action alleging breach of fiduciary duty and conversion on the ground they were barred by the statute of limitations. "'The statute of limitations for a cause of action alleging breach of fiduciary duty does not begin to run until the fiduciary has openly repudiated his or her obligation or the relationship has been otherwise terminated'" (Star Auto Sales of Queens, LLC v Filardo, 203 AD3d 865, 867, quoting Loeuis v Grushin, 126 AD3d 761, 764; see Matter of Barabash, 31 NY2d 76, 80; Incorporated Vil. of Muttontown v Ryba, 121 AD3d 757, 759). "The fiduciary must demonstrate complete repudiation of its duties as a fiduciary" (Incorporated Vil. of Muttontown v Ryba, 121 AD3d at 759). Here, the defendant openly repudiated his obligation as a fiduciary at the earliest in December 2016, when he changed the locks to the store and barred Gam's access. As the statute of limitations with respect to the causes of action alleging breach of fiduciary duty and conversion accrued in December 2016, and this action was commenced less than two months later, in January 2017, these causes of action were not time-barred regardless of whether a three-year or six-year statute of limitations applied.
In addition, contrary to the defendant's contention, the six-year statute of limitations under CPLR 213(8) applies to the causes of action to recover damages for breach of fiduciary duty and conversion, since allegations of fraud are essential to, and not merely incidental to, these causes [*2]of action (see Star Auto Sales of Queens, LLC v Filardo, 203 AD3d at 867; Monteleone v Monteleone, 162 AD3d 761, 761-762). Thus, the Supreme Court erred in granting those branches of the defendant's motion which were for summary judgment dismissing the causes of action to recover damages for breach of fiduciary duty and conversion on the ground they were time-barred, and we reinstate these causes of action.
On the defendant's cross-appeal from the judgment, he asserts that in the order dated May 16, 2019, the Supreme Court improperly denied that branch of his motion which was for summary judgment dismissing the cause of action to recover damages for unjust enrichment. Although the parties did not raise the issue of reviewability, we address this issue sua sponte because it is jurisdictional in nature (see Matter of Fry v Village of Tarrytown, 89 NY2d 714, 718). "The Court of Appeals has determined that a nonfinal order 'necessarily affects' the final judgment 'in cases where the prior order str[uck] at the foundation on which the final judgment was predicated,' such that 'reversal would inescapably have led to a vacatur of the judgment'" (Stanescu v Stanescu, 206 AD3d 1031, 1033, quoting Bonczar v American Multi-Cinema, Inc., 38 NY3d 1023, 1025). "The Court of Appeals also has determined that a nonfinal order necessarily affects the final judgment where the order 'necessarily removed [a] legal issue from the case so that there was no further opportunity during the litigation to raise the question decided by the prior non-final order'" (Stanescu v Stanescu, 206 AD3d at 1033, quoting Bonczar v American Multi-Cinemas, Inc., 38 NY3d at 1026 [internal quotation marks omitted]). Thus, so much of the order dated May 16, 2019, as denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for unjust enrichment on the ground that that cause of action was time-barred is brought up for review on the appeal from the judgment (see Costea v Vemen Mgt. Corp., 213 AD3d 634, 636; Goshen Mtge., LLC v DePalma, 186 AD3d 1203, 1205). Nevertheless, the court properly determined that the cause of action to recover damages for unjust enrichment was not time-barred, as a six-year statute of limitations applied (see CPLR 213[1], [8]; Mahabir v Snyder Realty Group, Inc., 217 AD3d 850, 852; Coombs v Jervier, 74 AD3d 724). The defendant's appeal from the judgment does not bring up for review so much of the order dated May 16, 2019, as denied that branch of the defendant's motion which was for summary judgment dismissing the cause of action to recover damages for unjust enrichment on the grounds it was duplicative and that there was an adequate remedy at law for the alleged conduct, as that portion of the order did not "necessarily remove[ ] [those] legal issue[s] from the case so that there was no further opportunity during the litigation" for the parties to address them (Bonczar v American Multi-Cinema, Inc., 38 NY3d at 1026 [internal quotation marks omitted]).
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Coleman v MCIZ Corp., 173 AD3d 671, 672-673). "In determining whether to set aside a verdict as contrary to the weight of the evidence, deference must be accorded to the jury's assessment of the witnesses' credibility" (McKenzie v Southside Hosp., 163 AD3d 952, 953). Here, based on the evidence, it was reasonable for the jury to adopt the plaintiffs' view of the case; to wit, that from 2011 to 2013, the defendant wrongfully made excess payments by check to himself from Slim's account in the sum of $141,099, that an equal amount was not paid in cash to Gam, and that it was against equity and good conscience to permit the defendant to retain the funds. Moreover, the parties presented conflicting testimony as to whether the defendant, as the operating partner, made cash distribution payments from Slim's account to Gam from 2011 to 2013, and we discern no basis to disturb the jury's determination to credit Gam's testimony and to discredit the defendant's testimony. Thus, the jury's verdict was not contrary to the weight of the evidence.
Contrary to the defendant's contention, the record supports the Supreme Court's determination to remove him as a corporate officer of Slim's. Pursuant to Business Corporation Law § 716, "[a]n action to procure a judgment removing an officer for cause may be brought by the attorney-general or by ten percent of the votes of the outstanding shares, whether or not entitled to vote." Here, Gam established that she was a 50% shareholder of Slim's and that there was cause for the defendant's removal based upon his wrongful taking of Slim's funds for his sole benefit (see id.; Colucci v Canastra, 130 AD3d 1268, 1268-1270; cf. Benedict v Whitman Breed Abbott & Morgan, 110 AD3d 935, 937-938).
Finally, contrary to the defendant's further contention, the Supreme Court providently exercised its discretion in awarding Gam attorneys' fees and disbursements in the sums of $126,845 [*3]and $2,955.09, respectively (see Business Corporation Law § 626[e]).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
BRATHWAITE NELSON, J.P., DOWLING, WARHIT and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court