Matter of Ardalan v Safaie (2025 NY Slip Op 03900)

Matter of Ardalan v Safaie

2025 NY Slip Op 03900

Decided on June 27, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, SMITH, AND GREENWOOD, JJ.

360 CA 24-00671

[*1]IN THE MATTER OF CYRUS ARDALAN, PETITIONER-APPELLANT,
v
AZITA SAFAIE, RESPONDENT-RESPONDENT. 

PHILLIPS LYTLE LLP, BUFFALO (JOSHUA GLASGOW OF COUNSEL), FOR PETITIONER-APPELLANT. 
GEFFREY GISMONDI, LLC, WILLIAMSVILLE (JEFFREY B. NOVAK OF COUNSEL), FOR RESPONDENT-RESPONDENT.

 Appeal from an order of the Supreme Court, Erie County (Daniel Furlong, J.), entered April 12, 2024. The order, insofar as appealed from, granted that part of respondent's motion seeking to dismiss the amended petition. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety and the amended petition is reinstated.
Memorandum: Petitioner commenced this special proceeding pursuant to General Obligations Law § 5-1510 and thereafter filed an amended petition asserting causes of action for an accounting and for breach of fiduciary duty. Petitioner alleged that respondent, his sister, abused her power of attorney when she acted on his behalf in the sale of certain property that the parties jointly owned in Iran. Specifically, he alleged that respondent deprived him of the total proceeds from the sale of that jointly held property when she failed to inform him that part of the compensation for the sale of the property included an apartment in Iran that significantly depreciated in value between the time of the sale of the jointly held property and the time that the apartment was ultimately sold. Although petitioner conceded that he received a portion of the proceeds of the sale of the jointly held property when it was initially sold, i.e., his share of the amount of cash that was paid for the jointly held property, and that he received his share of the value of the apartment when it was ultimately sold years later, he alleged, inter alia, that respondent should have informed him that part of the compensation for the sale of the jointly held property included title to the apartment. He further alleged that, as a result of respondent's failure to impart that information to him, he was deprived of the ability to sell his interest in the apartment before it significantly depreciated in value.
Respondent filed a pre-answer motion seeking to dismiss the amended petition pursuant to CPLR 3211 (a) (1), (5) and (7), and seeking sanctions pursuant to 22 NYCRR 130-1.1. Supreme Court granted the motion, in part, by dismissing the amended petition, but did not impose any sanctions. Petitioner now appeals from the resulting order to the extent that it granted the motion, and, insofar as appealed from, we reverse the order.
"A motion to dismiss pursuant to CPLR 3211 (a) (1) will be granted if the documentary evidence resolves all factual issues as a matter of law, and conclusively disposes of the [petitioner's] claims" (Baumann Realtors, Inc. v First Columbia Century-30, LLC, 113 AD3d 1091, 1092 [4th Dept 2014] [internal quotation marks omitted]; see Eccles v Shamrock Capital Advisors, LLC, 42 NY3d 321, 343 [2024]). "On a motion to dismiss pursuant to CPLR 3211 (a) (5) on statute of limitations grounds, the [respondent] has the initial burden of establishing that the limitations period has expired . . . Once [the respondent] meets that initial burden, the burden shifts 'to [the petitioner] to aver evidentiary facts . . . establishing that the statute of limitations [*2]has not expired, that it is tolled, or that an exception to the statute of limitations applies" (Jackson v Goodfellas Pizzeria, Inc., 233 AD3d 1468, 1469 [4th Dept 2024]; see Paul v Lyons, 232 AD3d 1212, 1212-1213 [4th Dept 2024]). Furthermore, "[o]n a motion to dismiss for failure to state a cause of action under CPLR 3211 (a) (7), [courts] accept the facts as alleged in the [petition] as true, accord [the petitioner] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141 [2017] [internal quotation marks omitted]; see generally Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Matter of Thomas, 124 AD3d 1235, 1237 [4th Dept 2015]).
Addressing first petitioner's cause of action for an accounting, we recognize that "[a]n equitable accounting involves a remedy designed to require a person in possession of financial records to produce them, demonstrate how money was expended and return pilfered funds in [their] possession . . . The elements include a fiduciary or confidential relationship, money entrusted to the [respondent] imposing the burden of an accounting, the absence of a legal remedy, and in some cases a demand and refusal" (Matter of Lost Lake Holdings LLC v Town of Forestburgh, 225 AD3d 1020, 1023 [3d Dept 2024]; see Metropolitan Bank & Trust Co. v Lopez, 189 AD3d 443, 446 [1st Dept 2020]). "[C]laims for an accounting accrue when there is either an open repudiation of the fiduciary's obligation or a judicial settlement of the fiduciary's account" (Incorporated Vil. of Muttontown v Ryba, 121 AD3d 757, 759 [2d Dept 2014]; see Massey-Hughes v Massey, 200 AD3d 1684, 1685-1686 [4th Dept 2021]; Robinson v Day, 103 AD3d 584, 586 [1st Dept 2013]), and "a mere lapse of time is insufficient without proof of an open repudiation" (Massey-Hughes, 200 AD3d at 1685 [internal quotation marks omitted]). It is undisputed that "[t]he statute of limitations for a cause of action seeking an accounting is six years" (id.; see CPLR 213 [1]; Matter of Rodken, 270 AD2d 784, 785 [3d Dept 2000]).
Here, none of the documentary evidence submitted by respondent refutes petitioner's allegations regarding the accounting cause of action, and we conclude that respondent failed to establish that the statute of limitations had expired inasmuch as there was no "open repudiation" of her fiduciary duties or a "judicial settlement of the fiduciary's account" (Ryba, 121 AD3d at 759; see Massey-Hughes, 200 AD3d at 1686). Furthermore, we conclude that petitioner sufficiently pleaded all of the requisite elements for a cause of action for an accounting (see generally Lost Lake Holdings LLC, 225 AD3d at 1023; Metropolitan Bank & Trust Co., 189 AD3d at 446). We therefore conclude that the court erred in dismissing that cause of action.
With respect to petitioner's cause of action for breach of fiduciary duty, "[t]he elements of a cause of action for a breach of fiduciary duty are 'the existence of a fiduciary relationship, misconduct by [respondent], and damages directly caused by that misconduct' " (Kaleida Health v Hyland, 200 AD3d 1654, 1655 [4th Dept 2021]; see Massey-Hughes, 200 AD3d at 1687). Petitioner sufficiently alleged that there was a fiduciary relationship, that respondent engaged in misconduct and that petitioner suffered damages as a result (see generally Matter of Ferrara, 7 NY3d 244, 254 [2006]; Kaleida Health, 200 AD3d at 1655; Mandelblatt v Devon Stores, 132 AD2d 162, 167-168 [1st Dept 1987]). Moreover, we agree with petitioner that the "documentary evidence submitted by [respondent] does not conclusively establish a defense to the action as a matter of law" (Roller v Walsh, 278 AD2d 811, 811 [4th Dept 2000]). Furthermore, we agree with petitioner that respondent failed to establish that the proceeding was untimely. A cause of action for breach of fiduciary duty " 'accrues when the fiduciary openly repudiates his or her obligation or the fiduciary relationship has otherwise been terminated' " (Borrelli v Thomas, 195 AD3d 1491, 1493 [4th Dept 2021]). Respondent failed to establish as a matter of law that the statute of limitations had expired inasmuch as she failed to establish if and when the relationship was openly repudiated or terminated (see id.).
We have reviewed respondent's contentions raised as alternative grounds for affirmance (see generally Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545-546 [1983]) and conclude that none has merit.
Entered: June 27, 2025
Ann Dillon Flynn
Clerk of the Court